ANNA BEMIS v. WILLIAM R. CONLEY AND MARGARET CONLEY.

*Ejectment for dower—Mesne profits—Mortgage debts.*

A widow who has recovered in ejectment for her dower against tenants in common with her husband, is also entitled under Comp L. §§ 6205 and 4293 to sue for *mesne* profits. And so long as the judgment in ejectment is undisturbed, it cannot be questioned upon a review of the judgment for profits.

In a suit for *mesne* profits brought by a widow against co-tenants of her husband, a payment made by one of them releasing, before foreclosure, a purchase-money mortgage, cannot be considered, especially if not made by an heir of the husband or by any one claiming under him (Comp. L. § 4274); it must be shown, if at all, upon estimating her right of dower, in her preliminary action therefor.

Error to Tuscola.    Submitted Oct. 10.    Decided Oct. 31.

EJECTMENT.    Defendants bring error.    Affirmed.

*B. L. Ransford* and *W. S. Tennant* for appellants. A widow cannot claim dower as against co-tenants of her husband: *Stewart v. Chadwick* 8 Ia. 473; but her right may by partition be transferred to an entire single parcel: *Greiner v. Klein* 28 Mich. 30; her right to dower before assignment of dower is a mere right of action : *Raynor v. Lee* 20 Mich. 386; *Shield v. Batts* 5 J. J. Marsh. 12; the statutes giving a defendant in ejectment compensation for improvements do not apply where he is one of several tenants in common: *Martin v. O'Conner* 37 Mich. 440.

*Atwood & Markham* for appellee. In ejectment for a dower interest the plaintiff's rights so far as mortgages on the premises are concerned, are determined by recovery therein: *Snyder v. Snyder* 6 Mich. 470 ; the verdict and judgment in ejectment are conclusive, between the parties in the action for damages; the amount of damages is to be determined by the aid of other proofs: *Hopkins v. McLaren* 4 Cow 667.

CAMPBELL, J. Plaintiff sued defendants in ejectment for her dower interest in the estate of her deceased husband, who was a tenant in common with them, and recovered a judgment against them for the undivided one-third part of five-twelfths of the land in controversy.

The present proceeding is under a suggestion to recover mesne profits, and she recovered a judgment for $166.66, on which defendants bring error. It was conceded on the trial that she should recover this sum if any, and the chief defense is that she had no right of action at all.

We do not see how this question can be raised on this record. The statutes expressly authorize a widow to bring ejectment for dower against strangers as well as against her husband's heirs, and only discriminate by giving her damages against heirs from the time of her husband's death, and against other persons from the time of demand. Comp. L. §§ 6205, 4293. As she actually recovered judgment and it stands unreversed, it cannot now be disputed. Neither do we see how any notice can now be taken of a mortgage given for purchase money by her husband and other co-tenants, on the premises in question, with other lands, from which these premises were released before foreclosure, on payment of certain moneys by one of the defendants. If this payment, not made by an heir of the husband, could be considered at all, (which is open to question under section 4274 of the Compiled Laws, whereby a deduction is to be made from the value of the dower in favor of any heir or other person *claiming under the husband*) it does not appear to be open in an action for mesne profits, but should be shown in estimating the right of dower. The statute apparently has left all mortgage rights not in the hands of the mortgagees or the husband's heirs, to be settled, if at all, in some other way. Without determining whether or no defendants had, under their proposed showing, any claim which could have affected plaintiff's dower right at all, we have no doubt it cannot affect it in these proceedings, and the testimony offered on that subject was rightly excluded.

The right of dower being established by the verdict in

ejectment, and the right to damages being fixed by statute, the judgment was rightly entered for the sum stipulated, and must be affirmed with costs.

The other Justices concurred.