## ANNA BEMIS v. WILLIAM R. CONLEY.

[See 49 Mich. 392.]

*Ejectment—Defenses—Res judicata.*

Where after a recovery in ejectment by a widow of her dower in land occupied jointly by the holder of the record title and a brother, who were joined as defendants, the widow secures a partition of the land through a suit instituted for that purpose, in which the brother and sister are made defendants, the brother cannot defend in a second action of ejectment, brought by the widow to recover the land set off to her as her dower in the partition proceedings, on the ground that he had homestead rights in the land, and that his wife was not joined as a defendant in the first ejectment suit.

Error to Tuscola. (Beach, J.)  Argued April 19, 1893. Decided June 1, 1893.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Huston & Spears,* for appellant.

*T. W. Atwood,* for plaintiff.

GRANT, J.  In 1867 certain lands, including that here in controversy, were conveyed by deed to Jane Conley and her two sons, William R. and John.   September 15, 1868, William R. and his wife conveyed these lands to his sister Margaret Conley.   Margaret and John were in possession. In August, 1877, plaintiff brought suit in ejectment to recover her dower interest as the widow of John Conley, who died January 21, 1869.   This suit was tried, and judgment rendered in her favor November 28, 1879.   Defendants took a new trial under the statute, and judgment was again rendered in her favor in May, 1881.

Margaret and William R. Conley were the defendants in that suit. Plaintiff also recovered judgment for *mesne* profits, which judgment was appealed to this Court, and affirmed. *Bemis v. Conley,* 49 Mich. 392. Plaintiff then filed a bill in chancery for partition, in which all persons interested in the lands were made parties. The defendant, with others, appeared and defended. The suit resulted in a decree for complainant. Commissioners were appointed to partition the lands, their report was confirmed, and the land described in the declaration in this suit was assigned to plaintiff as her dower interest. The defendant refused to comply with the terms of that decree and surrender possession to the plaintiff. She thereupon instituted this action of ejectment. The sole defense now made is that the defendant had homestead rights in the lands, and that his wife was not made a party to the former suit in ejectment, and that the judgment rendered therein, and the decree, are void.

The defendant cannot now be heard to interpose this defense. He had no title of record. He occupied jointly with the one who had the record title. If he claimed to be the owner of the property, and to have homestead rights, it was his duty to interpose this claim in the former suits. It would be a reproach upon the law to permit him now to interpose a defense, after two suits and three trials, in which he might have interposed it if it was available.

The injustice of such a defense now further appears from the fact that no part of the land assigned to plaintiff is upon the 40 acres where the homestead is situated, and in which, alone, a homestead right could be claimed.

The judgment is affirmed.

The other Justices concurred.