WILLIAM B. CURTIS v. MARTIN S. FOWLER, LUCY A. FOWLER, ELIZABETH B. KNAPP, WILLIAM B. CURTIS, AND IRA CURTIS. ·

[See 66 Mich. 696.]

*Res judicata — Ejectment — Parties—Compensation for improvements—Partition.*

Where, in ejectment by one of the heirs of the remainder-man against the purchaser of the estate of the life tenant and of her interest in the land as another of the heirs of the remainder-man, no objection is made by the defendant on account of the non-joinder of his wife as a co-defendant, and he is allowed compensation for improvements by him made after the termination of the life-estate, which he accepts and retains, and is denied compensation for improvements made prior to that event, such non-joinder does not void the proceedings in the ejectment suit, and the same are *res judicata* as to a claim by the defendant for compensation for such prior improvements, made in a partition suit brought by the plaintiff, in which the wife of the defendant in ejectment is joined as a defendant.

Appeal from St. Joseph. (Loveridge, J.) Argued February 13, 1894. Decided March 6, 1894.

Bill for partition. Defendant Martin S. Fowler appeals. Decree affirmed. The facts are stated in the opinion.

*H. P. Stewart* (*Howard & Roos,* of counsel), for complainant.

*Howell & Carr,* for appellant.

MONTGOMERY, J. This is a bill for partition. Both parties claim title through Friend Curtis, who, by will, devised a life-estate to his widow, Melissa Curtis, remainder to Sarah Curtis. Sarah Curtis died intestate before the

death of Melissa, and defendant Martin S. Fowler purchased of Melissa her life-estate, and also her title as heir of Sarah Curtis. The complainant derives his title to an undivided interest as heir of Sarah Curtis. The court decreed partition, and defendant Martin S. Fowler appeals, claiming that he should have been allowed compensation for improvements made during the lifetime of Melissa, under whom he claims. It is contended that the improvements were made while he was in possession in good faith, claiming title to the whole.

In 1886 complainant brought an action of ejectment against Martin S. Fowler, and recovered, the defendant being allowed compensation for improvements made after the termination of the life-estate, and being denied compensation for such improvements as preceded that date. Complainant contends that this adjudication is final, but the defendant insists that the determination in the ejectment suit is not binding, because the wife was not made a party. The answer of the defendant Lucy A. Fowler states that the improvements have been made upon the land by Martin S. Fowler, and that he is the owner of the lands. He would be the one entitled to compensation, and he has not only had his day in court, but has accepted payment for such improvements as he recovered for. His right to improvements while occupying under his conveyance from the life tenant was considered in the case of *Curtis v. Fowler,* 66 Mich. 696, where it was said:

"As tenant in common and purchaser in possession under the deed from Melissa Curtis, conveying her life-estate, the defendant was not entitled to recover for improvements made upon the premises previous to the death of Melissa. As plaintiff admitted that defendant was entitled to compensation for improvements made *after* her death, we do not pass upon that question. But, where defendant was entitled to hold possession of the whole premises as life tenant, he cannot recover for compensa-

tion for improvements made as such tenant. This is because the life tenant is bound to keep the premises in repair, and is not permitted to commit waste; and any improvement such tenant makes of a permanent character inures to the benefit of the remainder-man."

Martin S. Fowler having had his rights adjudicated in the ejectment suit, the fact that Mrs. Fowler was not a party to that proceeding does not render the proceeding wholly void as against him. *Bemis v. Conley,* 95 Mich. 617.

The decree below will be affirmed, with costs.

The other Justices concurred.