William L. Ford et al., Respondents, *v.* Charles J. Knapp et al., Appellants.

A co-tenant, out of the actual occupation, asking the aid of a court of equity for partition against a co-tenant, who has made improvements upon the property, is entitled to relief only upon condition that any equities thereby arising shall be taken into account.

*It seems* that in such case, where actual partition is made and it is possible so to do, the improving tenant should be awarded the portion of the land upon which the improvements have been made.

Defendants were tenants in common with W. in a mill property and were in actual occupation, their interest being an undivided one-half. The interest of W. was sold on a judgment against him and bid in by defendants. The property was so badly run down and out of repair as to be nearly useless ; defendants, after such purchase, expended large sums in necessary repairs and in improvements, restoring it to its original usefulness and greatly increasing its value. Thereafter plaintiffs, as subsequent judgment creditors of W., redeemed and brought an action for partition, and the property was sold under judgment therein. *Held*, that upon division of the proceeds of sale, defendants were entitled to an allowance for the enhanced value of the property resulting from the repairs and improvements.

*Scott* v. *Guernsey* (48 N. Y. 106), distinguished.

*Also held*, that the provisions of the Code of Civil Procedure (§§ 1441, 1461), fixing the power and duty of a judgment debtor in possession during the redemption period, had no application.

*Also held*, that plaintiffs were entitled to an accounting of the income and profits, in which accounting defendants were entitled to a credit for taxes paid for the benefit of their co-tenants, but not for insurance paid.

The wife of W., after the purchase by defendants and before the redemption, quit-claimed her inchoate dower right to the defendants. *Held*, that said dower right remained in the plaintiffs' undivided half of the property, but was discharged as against defendants' undivided half; and that, in distributing the proceeds of sale, the value of such dower right should be charged upon and paid for solely out of the share awarded to the plaintiffs.

*Ford* v. *Knapp* (31 Hun, 522), reversed.

(Argued March 11, 1886 ; decided April 13, 1886.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 20, 1883, which affirmed an interlocutory judgment entered herein upon a decision of the court on trial at Special Term, and a final judgment entered upon the report of a referee. (Reported below, 31 Hun, 522.)

This was an action for partition. The material facts are stated in the opinion.

*Arthur More* for appellants. Defendants were equitably entitled to the avails of the sale after deducting costs and expenses, and the value of the premises at the time of the execution sale before the repairs and improvements were made. (Willard's Eq. Jur. 701; Story's Eq. Jur., § 655; *Hewlett* v. *Wood*, 62 N. Y. 575; *Hall* v. *Piddock*, 21 N. J. Eq. 313; Code of Civ. Pro., § 1440; *Wright* v. *Douglass*, 2 N. Y. 377; *Van-Horn* v. *Fonda*, 5 Johns. Ch. 407; *Taylor* v. *Baldwin*, 10 Barb. 632; id. 582, 592; *Hitchcock* v. *Skinner*, Hoff. Ch. 28; Story's Eq. Jur., § 1237; *Benton* v. *Little*, 9 Bush [Ky.], 313; *Reed* v. *Reed*, 68 Me. 568; *Pope* v. *Whitehead*, 68 N. C. 191; *Sneed* v. *Atherton*, 6 Dana [Ky.], 281; *Buchanan* v. *King's Heirs*, 22 Gratt. [Va.] 414; *Oliver* v. *Montgomery*, 39 Iowa, 601; Van Santvoord's Eq. 41; 3 Wait's Actions and Defenses, 149; *Phelps* v. *Green*, 3 Johns. Ch. 302.) If improvements have been made by a tenant in common, suitable compensation will be made to him on the partition, or the part on which the improvements are made will be assigned to him. (*Atha* v. *Jewell*, 33 N. J. Eq. 421; *Brookfield* v. *Williams*, 1 H. W. Green's Ch. [N. J.] 34; *Roberts* v. *Beckwith*, 79 Ill. 246; *Paddock* v. *Shields*, 57 Miss. 345; *Spitts* v. *Wells*, 18 Mo. 471; *Benton* v. *Little*, 9 Bush [Ky.], 313; *Reeves* v. *Reeves*, 11 Heisk. [Tenn.] 669, 675.) It is not the rule that one tenant in common cannot make repairs necessary to preserve the property, save at his own expense. (*Hitchcock* v. *Skinner*, Hoff. Ch. 21.) The court erred in disallowing the defendant's claim to be reimbursed for taxes paid. (*Burhans* v. *VanZandt*, 7 N. Y. 523; Cooley on Taxation, 346; Sedg. & Wait on Trial of Title to Land, 177; *Hitchcock* v. *Skinner*, Hoff. Ch. 21; Moak's Van Santvoord's Pl. 400; *Van Horn* v. *Fonda*, 5 Johns. Ch. 407.)

*David H. Carver* for respondents. Plaintiffs have pursued their legal and statutory remedy in collecting their debt, and a court of equity cannot impose upon them any other or differ-

ent obligation than that imposed by statute. (Code of Civ. Pro., §§ 1446 *et seq. ; Elsworth* v. *Muldoon,* 46 How. 246.) During the fifteen months allowed for redemption, the purchaser has no interest in the property except a lien upon it for the amount of his bid and interest. (*Smith* v. *Colvin,* 17 Barb. 157 ; Code of Civ. Pro., § 1440 ; *Vaught* v. *Ely,* 4 Barb. 159 ; *Southworth* v. *Scofield,* 51 N. Y. 517.) During the intermediate period the defendants occupied in place of the judgment debtor who is permitted to "make necessary repairs to a building or other erection thereon. But this subdivision does not permit an alteration in the form or structure of the building or other erection." (Code of Civ. Pro., § 1441, subd. 2.) The party redeeming is in no case bound to pay more than the money bid at the original purchase with the interest added. (*Van Rensselaer* v. *Sheriff,* 1 Cow. 443.) Where the acknowledged relation of mortgagor and mortgagee in possession exists, the latter is not permitted to obstruct the right of redemption, and, therefore, will not, upon redemption, be allowed for general improvements made without the acquiescence of the mortgagor. (*Mickle* v. *Dillaye,* 17 N. Y. 80 ; *Moore* v. *Cable,* 1 Johns. Ch. 388 ; *Russell* v. *Blake,* 2 Pick. 505 ; *Woodward* v. *Phillip,* 14 Gray, 132.) One tenant in common is not entitled to compensation from a co-tenant for improvements made by the former without the assent of the latter. (*Scott et al.* v. *Guernsey,* 48 N. Y. 106 ; 60 Barb. 169, 179 ; 1 Wash. on Real Prop. 664 ; *Mumford* v. *Brown,* 6 Cow. 475.) Defendants are not entitled to be reimbursed for insurance paid by them. (*Scott* v. *Guernsey,* 60 Barb. 180 ; *Wyman* v. *Prosser,* 36 id. 368 ; *Sanders* v. *Frost,* 3 Pick. 257 ; 31 Hun, 526.)

FINCH, J. The facts of this case develop a question not in all respects easy to answer. The defendants were tenants in common with one Whitaker of a mill property badly run down and out of repair. Their share was an undivided half. On a judgment against Whitaker his interest was sold, the defendants becoming purchasers ; but subsequent judgment creditors redeemed and acquired the title of the debtor, and became by

relation and through their redemption vested with the right of
the debtor from the date of the sale, and thereby tenants in
common with the defendants from that date by relation, or
vested with the right of such a co-tenant. During the fifteen
months between the sale and redemption, the defendants ex-
pended a large amount upon the mill. They effected changes
of two kinds, distinct in purpose and character. The grist-mill
was originally both a custom and merchant mill and provided
with machinery for both uses. During ten years immediately
preceding defendants' ownership the latter use had been aban-
doned, and the machinery appropriate to it, by neglect and dis-
use had become practically worthless, and further passed
beyond the utility of repair by new inventions and appliances
which made the old antiquated and ineffective for the demands
and competition of business. The machinery necessary to the
use of the mill for custom work had been steadily run, but be-
come dilapidated and inefficient. In this emergency the de-
fendants made both repairs and improvements. The referee
who inquired into the situation reported upon the basis of that
discrimination. The repair of the dam, the substitution of a
new water wheel, the change in the machinery necessary to
make the mill do good custom work he classed as repairs;
while the addition to the buildings and the introduction of new
machinery and appliances for a merchant mill he classed as im-
provements. These repairs and improvements largely increased
the market value of the property. Before they were made a
generous estimate of that value did not exceed $8,000, while on
the sale in partition it brought about double that amount. The
proceeds of that sale are now to be divided by a court of equity in
an action brought by the tenant out of the actual occupation,
and the manner and proportion of that division is the question
to be determined.

The execution sale, and the attitude of the defendants as pur-
chasers under it, appear to us immaterial to the inquiry, but in
some manner to have confused and complicated it. Stress is
put by the General Term upon the rights of the judgment
creditors, and the provisions of the Code fixing the powers and

duty of the judgment debtor in possession during the redemption period are cited as pertinent to the inquiry. (§§ 1441 and 1461.) They do not seem to us necessarily to affect it. Section 1441 provides for the acts which the debtor in possession may do during the redemption period "without being chargeable with committing waste." The judgment debtor here was out of the actual possession, did no acts of any kind, and there is no question of waste. The defendants occupied under their own title and not under the debtor's which they never acquired. Section 1461 provides that "the sheriff, the purchaser, the judgment creditor, or a redeeming creditor, cannot by his agreement or other act in any manner impair or prejudice the right of any other person to redeem." These plaintiffs redeemed. No act was done to prejudice their right of redemption. Nobody obstructed that right. They paid exactly what they would have paid if the defendants had never repaired the property, and not one farthing more on that account. So far from having been prejudiced in their right of redemption, that right has been granted to them in its fullest extent, and it stands conceded that they became vested with the full and entire title of Whitaker as of the date of the sale. The question here proceeds on that assumption, but asks whether equities have not arisen against them by reason of their effectual and unobstructed redemption. They thereby became co-tenants of defendants as of the date of the sale by relation, or held the derivative right of a co-tenant, and it is the rights born of that relation which are the sole subjects of inquiry.

We may first approach the question on principle, and reason about it from the standpoint of justice between the parties. The courts below have denied to the defendants any allowance, either for repairs or improvements. Practically they held that the defendants were foolish and the plaintiffs entitled to a dividend out of that folly, and so that the money of the former must go into the pockets of the latter. If this be true, the situation of the defendants was a hard one, though without their fault. They owned an undivided half of the

property and that certainly was no sin. The right of their co-tenant Whitaker had been sold and bid in by them. They could not be expected to bring partition until they knew that it would be needed, and for fifteen months they must allow their own property to remain out of repair and growing rapidly worse; its business and custom to drift off into other hands; and suffer a severe loss without fault of their own; or else give one-half of their expenditure, as represented by increased value, to the representatives of the party who was unfortunate. To a share of that increased value neither the debtor nor his creditors have any equitable right. They never earned it nor paid for it. If the redeeming creditors get the full one-half of the value of the property as that value exists, unincreased by the improvements, they get every dollar to which they have a just and equitable right. The rule which takes from one co-tenant the fruit of his thrift and enterprise and adds it to the unthrift and neglect of the other; which loads upon industry and ability the losses and burdens of idleness or ill-fortune; which ties up property from improvement and looks contented upon rot and decay, is a rule which sometimes the rigid and inelastic jurisdiction of a court of law may adopt from necessity, but is without excuse in a court of equity in which this action is pending. (*Hewlett* v. *Wood*, 62 N. Y. 75.)

Those courts almost, if not quite, without exception, have recognized the rule that a co-tenant asking their aid for a partition against an owner who has made improvements upon the property is entitled to relief only upon condition that any equities thereby arising shall be taken into account, and that in such case, where actual partition is made and it is possible so to do, the improving tenant will be awarded the portion of the land upon which the improvements have been made. (*Town* v. *Needham*, 3 Paige, 545; *In re Heller*, id. 199; *St. Felix* v. *Rankin*, 3 Edw. Ch. 323; *Conklin* v. *Conklin*, 3 Sandf. Ch. 64.) This relief is administered not upon the ground that the improving tenant who acts without the agreement or assent of the other owners gains a lien upon the property for his advances, but stands upon the proposition that one

who seeks equity must do equity, and that the tenant out of the actual occupation who asks a court of equity to award him partition is entitled to relief only upon condition that the equitable rights of his co-tenants shall be respected. (*Taylor* v. *Baldwin*, 10 Barb. 582; *Swan* v. *Swan*, 8 Price, 518.) This doctrine is not at all disputed in *Scott* v. *Guernsey* (48 N. Y. 106), upon which the respondent mainly relies and which undoubtedly dictated the conclusion of the General Term. That case does decide that the bare fact of improvements made does not, by itself, irrespective of their character and of the circumstances under which they were made, and their effect upon the property, necessarily give a right to an equitable allowance; and to that doctrine we fully accede. Every case of the kind must be determined upon its own facts and surroundings, and those may occur in which such an allowance would be unjust and inequitable. The opinion in *Scott* v. *Guernsey* points out that in the cases decided in this State there was some peculiar circumstance out of which the equity arose beyond the bare fact of improvements made. In one there was trace of a consent of the other owners; in two there was mistake as to the title, the tenant improving supposing himself to be sole owner; in a fourth the relief was against an idiot who had damaged the common property. The court then decided that in the case before them the improvements made drew with them no equitable right to compensation. They were made " as a venture," without necessity or adequate explanation, and purely as a new source of profit; they were made not as co-tenant, but during an estate for life and under " a special agreement with the tenant for life; " the owner of the improvements " received full compensation for his expenditures " and did not offer to share with the co-tenants any part of the rents received. Here were reasons enough for denying any equity to the improving tenant, and the case stands solidly upon its facts and is not open to criticism. But it does not deny the duty of a court of equity in a proper case to give its relief upon condition of an allowance for improvements, and does not undertake to specify all the

cases in which such equity shall be recognized. Nor shall we undertake any such dangerous or impossible effort. The authorities leave us at liberty to consider whether, upon the facts and circumstances of this particular case, the improving tenant ought to be protected, and furnish us the power to grant the protection if it may justly be demanded.

We have already stated the facts. The situation of the defendants at the date of the execution sale was peculiar. They had bought one-half of what had been both a custom and a merchant mill. In both respects, the property was so utterly out of repair and so destitute of needed machinery, as to be almost useless and profitless unless serious expenditures were made. The share of the co-tenant was sold on execution, and they bid it in, but fifteen months must elapse before they could get a title. Here arose the peculiar emergency. Were they bound to leave their property idle and a prey to rust and rot, and see the business contemplated go elsewhere without possibility of reclamation? Was anybody to be benefited by such waste and unthrift? Or was anybody to be harmed by putting the mill promptly in repair? The defendants acted in the presence of a peculiar and unusual emergency; they acted in entire good faith; the repairs were necessary and not merely a venture or speculation, and the improvements were in the line of restoration and not of new and strange enterprise. What they did was natural and normal to the use and character of the property and such as joint owners of equal ability might be expected to join in making. They offer to share in the increased income thus secured, and in every respect appear to have acted fairly. What now is the situation of the redeeming creditors? The learned counsel figures out a loss to them if they do not share in these improvements. But those figures clearly indicate that the redemption never would have been made if the property had not been improved, and that the redemption was born, not of a purpose to get the debtor's interest in the property alone, but to add to that one-half of the increased value put upon it by the other owners and profit by their folly. The plaintiffs looked on in silence while the

emergency pressing upon the defendants drove them into action, and redeemed when they thought themselves sure of the improvements. If they have an equity which neutralizes that of the plaintiffs', I am unable to appreciate it. For these reasons the case should go back for a division of the proceeds on the principles stated and for an accounting of the income and profits which the defendants offer to make. In that accounting defendants should be credited with the share of taxes paid for the benefit of their co-tenants (*Hitchcock* v. *Skinner*, Hoff. Ch. 21 ; *Van Horne* v. *Fonda*, 5 Johns. Ch. 389, 407), but not for insurance paid, unless for some reason which the case does not disclose.

The trial judge correctly held that the inchoate dower right of Mrs. Whitaker remained in the plaintiffs' undivided half of the property, but was discharged as against the defendants' undivided half; but in distributing the proceeds of sale the value of that remaining and undischarged dower right should be charged upon and paid for, solely out of the share awarded to the plaintiffs.

The judgment must be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.