ELLEN HENDERSON, RESPONDENT, *v.* JAMES SCOTT, APPELLANT, AND JOSEPH HENDERSON, RESPONDENT, IMPLEADED WITH CAROLINE SCOTT.

*Practice — power of the court to award costs and expenses to the plaintiff and defendant in an action for the partition of real estate — Code of Civil Procedure secs. 1579, 1580.*

After the premises, described in the complaint in this action brought to procure a partition thereof, had been sold to the defendant Scott for the sum of $800, an order was made confirming the sale and directing the referee to convey the premises to the purchaser, provided that he "shall pay the taxable costs of the plaintiff, and the sum of ten dollars costs to the defendant Joseph Henderson, which costs are allowed to said parties, payable out of the purchase-money."

By the terms of the judgment Scott was entitled to receive the sum of $970.77 out of the proceeds of the sale, for improvements made upon the premises by him.

*Held*, that as the court had power to award costs to the plaintiff and the defendant, Henderson, payable out of the proceeds of the sale, the defendant, Scott, had no cause to complain of the order appealed from, as he was just as well off as if the court had formally ordered the $800 bid by him to be paid over to the referee, and had directed the referee to pay therefrom such costs and expenses as the court should award to the plaintiff and Henderson.

APPEAL from parts of an order of the Onondaga Special Term, confirming a sale in partition and awarding costs to the plaintiff and the defendant, Henderson.

The action was for the partition of certain real estate, the defendant, James Scott, and his wife Caroline being in possession and claiming to be absolute owner. A decree was obtained and entered establishing the title to one-seventh of said property in the plaintiff, to one-seventh thereof in the defendant Joseph Henderson and to five-sevenths thereof in the defendant James Scott. The share of plaintiff, Ellen Henderson, was subject to her making compensation to James Scott to the amount of $138.68, being one-seventh of the improvements put on by him, and the defendant Joseph Henderson's share was subject to the same contribution. Commissioners were appointed and made their report that the property could not be divided, and a sale was ordered and the property was bid in by the defendant, James Scott, for $800. The value of the improvements put on by Scott and his grantors were allowed at $970.77. The sale was confirmed upon Scott's application. The order confirming the sale directed the referee to convey the premises to Scott, provided, among other things, that he shall "pay the taxable costs of the plaintiff and the sum of ten dollars costs to the defendant, Joseph Henderson, which costs are allowed to said parties payable out of the purchase-price." The order also directed that "neither party should receive any costs against the other."

*B. B. Burt*, for the appellant, Scott.

*J. A. Hathaway*, for the plaintiff and respondent.

*C. Whitney*, for J. Henderson, defendant and respondent.

HARDIN, P. J. :

After the sale the referee was entitled to receive from the defendant, Scott, $800, that being the highest sum bidden, and Scott being the bidder. If that sum had been paid over to the referee the court would have held it as the proceeds of the property. It would have been chargeable with the costs and expenses. The court had the right to deduct the costs and expenses. Section 1580 of Code of Civil Procedure : That section also provides that the balance of any proceeds of sale " must be awarded to the parties whose rights and interests have been sold in proportion thereto."

Section 1579 also provides " that where final judgment confirming a sale is rendered, the costs of each party to the action and the expenses of the sale, including the officers' fees, must be deducted from the proceeds of the sale and each party's costs must be paid to his attorney." .

If the $800 had been paid over to the referee, any cost allowed either party and the officer's fees would be deducted therefrom. However, no deduction of costs could be made until the award of costs was made. The latter part of the section confers a discretion upon the court to " direct that the costs and expenses of any trial, reference or other proceeding in the action be paid out of the share of any party in the proceeds."

The court has by its judgment, in effect, determined that the defendant, Scott, was entitled to the proceeds of the sale remaining after deducting the costs and expenses allowed by it to the plaintiff and J. Henderson. It has exercised its discretion in regard to the costs allowed—it has, in effect, awarded plaintiff her costs, payable out of the fund arising upon the sale, and also allowed the defendant, Henderson, ten dollars costs, and, in effect, directed that they be paid out of the proceeds. Under the award made by the court the defendant, Scott, who appeals, is in the same situation that he . would be in had the court directed him as purchaser to pay over to the referee $800, the purchase-price bid for the premises, and the referee to pay with and out of it the plaintiff's costs and the defendant, Henderson, ten dollars, and the balance of it to the defendant, Scott. Had such direction been given then the plain-tiff's costs and the ten dollars allowed Henderson would have been allowed out of the proceeds of the sale, and the balance of the pro-

ceeds would have been turned over to Scott to satisfy his equities in the premises. Those equities seem to have been adjusted and allowed to Scott upon the assumption that the lands were worth more than the betterments. (*Ford* v. *Knapp*, 102 N. Y., 135.) However, the sale took place because an actual partition was found impracticable, and the proceeds of the sale if actually paid into the court by a deposit into the hands of the referee, would be held for distribution " to the parties whose rights and interests have been sold in proportion thereto." (Code of Civil Procedure, § 1580.)

It having been determined that the " rights and interests " of Scott in the premises were more than the premises brought, he was entitled to the whole proceeds of the sale " after deducting therefrom the costs and expenses chargeable against them." (Code, § 1580.)

There remains to be considered the question of the power of the court to award costs to the plaintiff and defendant Henderson, payable out of the fund. We think the court possessed the power and had the right, in the exercise of its discretion, to award to the plaintiff and Henderson costs, and to direct them to be paid out of the share of any party in the proceeds. It also possessed the power and might, as a matter of discretion, have ordered plaintiff's costs and Henderson's paid by defendant Scott, and might have rendered judgment against him therefor. (Code of Civil Pro., § 1579; Code of Civil Pro., § 3230; *Ford* v. *Knapp*, *supra*; *Black* v. *O'Brien*, 23 Hun, 82.)

We are of the opinion that the court exercised its discretion properly in the premises, and that the defendant Scott has no ground that is secure and substantial upon which to stand in his complaint of the action of the court. He is just as well off, so far as we can see, as though the court had formally ordered the $800 bid by him paid over to the referee and distributed to pay such costs and expenses as the court awarded the plaintiff and Henderson.

The question is a novel one, we may affirm without costs to either party. (*Chipman* v. *Montgomery*, 63 N. Y., 221.)

BOARDMAN and FOLLETT, JJ., concurred.

So much of the order as is appealed from affirmed, without costs to either party to the appeal.