WILLIAM B. CURTIS ET AL. v. MARTIN S. FOWLER.

*Will—Estate in expectancy—Descent—Obligations of life-tenant—Ejectment—Claim for improvements.*

1. A testator devised *all* of his real estate to his wife, to remain to her use and benefit while she remains his widow, and at her decease to *his* and *her* daughter, to be and remain to her use and benefit; under which instrument the widow entered into possession. The daughter died, unmarried and without issue, and the widow conveyed the land by warranty deed, claiming title as such widow, and as mother and sole heir of the daughter; and her grantee went into possession. The remaining brothers and sisters (by a former wife) brought ejectment against the grantee, who claimed compensation for improvements made since his purchase.

   *Held*, that the daughter took an *expectant* estate, descendible in the same manner as one in *possession* (How. Stat. §§ 5551, 5557), and that on her death it descended to her mother and to her brothers and sisters in equal shares, under Com. Laws 1857 § 2812, subd. 3, then in force.

2. A life-tenant is bound to keep the premises in repair, and is not permitted to commit waste; and any improvements made by him of a *permanent character* inure to the benefit of the remainder-man.

3. A tenant in common who is also a life-tenant of the entire premises, and keeps his co-tenant out of possession, cannot acquire any adverse rights to them by virtue of the *first-mentioned* tenancy; and the statute relative to compensation for improvements does not apply to such a case.

Error to St. Joseph.   (Pealer, J.)   Argued June 23, 1887. Decided July 7, 1887.

Ejectment.   Defendant   brings   error.   Affirmed.   The facts are stated in the opinion.

*Orris P. Coffinberry*, for appellant.

*H. P. Stewart*, for plaintiffs.

CHAMPLIN, J.   On the sixteenth day of August, A. D. 1850, Friend Curtis, of the township of Mottville, in the county of St. Joseph, made his last will and testament, and soon thereafter died.

His widow, Melissa Curtis, and four children, the issue of a former marriage, namely, Elizabeth Preston (afterwards Knapp), Seth, William B, and Francis Curtis, and also one child, named Sarah, the daughter of Melissa, survived him. Francis died soon after, without issue, and unmarried.   Seth died, leaving two children, the plaintiffs William B. and Ira Curtis.

Friend Curtis' will was duly probated in probate court of St. Joseph county, on the second day of December, 1850, by which he disposed of the land in question in this suit as follows :

"I do hereby devise and bequeath to my beloved wife all my landed estate, being all of the real estate belonging to me at this time, to remain to her use and benefit while she shall remain my widow ; and at her decease I direct and bequeath to my daughter Sarah all said real estate, to be and remain to her use and benefit."

Under this will the widow, Melissa, entered into possession of the land of which Friend Curtis died seized, it being the land described in plaintiff's declaration.   Sarah, to whom the land was given after Melissa's death, died on the tenth day of August, 1865, under age, without issue and unmarried. The widow continued in possession until on or about the ninth day of May, 1874, when she conveyed by warranty deed to defendant, claiming the title—

" As widow of Friend Curtis, and also as mother and only heir of Sarah Curtis, deceased, who derived title under the will of Friend Curtis."

The defendant has continued in possession up to the commencement of this suit.

It was conceded on the trial that Melissa died on March 24,

1884. These plaintiffs now bring this action to recover the undivided three-fourths of the land in question, claiming their right to recover as heirs of Sarah.

The defendant pleaded the general issue, and gave notice of improvements which he had made since his purchase, and claimed compensation therefor. Upon the trial the court ruled that defendant was not entitled to claim compensation for improvements prior to the death of Melissa Curtis.

By the will of Friend Curtis, Sarah Curtis was entitled to the remainder of the real estate on the death of Melissa Curtis. This estate was created upon the death of Friend Curtis. How. Stat. § 5557.

It was an expectant estate, and descendible in the same manner as estates in possession. How. Stat. § 5551. On the death of Sarah, by the statute of descents in force at that time, her expectant estate descended to her brothers and sisters and mother in equal shares. 2 Comp. Laws 1857, § 2812, subd. 3. Upon the death of Melissa the undivided three-fourths of the real estate, under the evidence, became vested in the plaintiffs in this suit, and they were entitled to be let into the possession thereof as tenants in common with defendant, who had purchased Melissa's life-estate and her share as heir of Sarah.

There being no evidence to the contrary, it will be presumed that the real estate of which the testator died seized was the same real estate referred to in, and disposed of by his last will. Had testimony been introduced showing that it was acquired afterwards, we should have been called upon to determine whether it was intended to pass by the will under section 5787 of Howell's Statutes. As both parties claim title under the will of Friend Curtis, the question is unimportant.

By the will the widow as executrix was charged with removing the bodies of the testator's first wife and family from the grave-yard in York, Indiana, to that of Mottville,

Michigan, and of erecting tombstones thereover; and it is claimed by defendant that, as there was no provision in the will for defraying these expenses, it was a personal charge, and that she took a fee by implication. But the will makes Benjamin Blossom a joint executor with Melissa, and under these circumstances it cannot be said that the executors took the fee. There is no evidence in the case that there was not sufficient personal estate to pay these expenses, and, if there was not, the land could not be sold for that purpose without license and authority from the probate court.

As tenant in common and purchaser in possession under the deed from Melissa Curtis, conveying her life estate, the defendant was not entitled to recover for improvements made upon the premises *previous* to the death of Melissa. As plaintiffs admitted that defendant was entitled to compensation for improvements made *after* her death, we do not pass upon that question. But where defendant was entitled to hold possession of the whole premises as life-tenant, he cannot recover for compensation for improvements made as such tenant. This is because the life-tenant is bound to keep the premises in repair, and is not permitted to commit waste; and any improvement such tenant makes of a permanent character inures to the benefit of the remainder-man.

It is true that at the same time he held an undivided interest of the land as tenant in common, but he was bound to know the nature and extent of the title he purchased, and that he only obtained by his deed from Mrs. Curtis an undivided one-fourth of the fee. And he could not, while holding his co-tenants out of possession as life-tenant, acquire any adverse rights to them by virtue of his being a tenant in common with them. The statute relative to compensation for improvements does not apply to such a case.

The judgment must be affirmed.

The other Justices concurred.