CLAPP v. NICHOLS et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

1. PARTITION—APPORTIONMENT OF PROCEEDS—IMPROVEMENTS.
   In 1882 certain premises were erroneously sold under foreclosure of a mortgage from which they had been released, and the title of the defendant N., to whom they were subsequently conveyed, was derived, as to five-sixths, under this foreclosure. She held them for some years under the honest belief that she was the owner of the entire parcel, and made substantial additions and improvements before she discovered the defect in her title. *Held*, in an action for partition, that, under the special circumstances, she was entitled to have any resulting increase in value taken into account in determining her share of the proceeds of the sale.

2. SAME—RENTAL VALUE.
   *Held*, further, that each of the defendant's co-tenants must receive from the proceeds the full value of his share, as though the defendant had never occupied it, and also the fair rental value thereof for the period of her occupancy, and that any balance, over and above the value of her one-sixth, would represent the improvements, and should go to her.

Appeal from judgment on report of referee.

Action by Hawley D. Clapp against Mary A. Nichols and others. From an interlocutory judgment entered on the report of a referee, defendant Nichols appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert T. Ketcham, for appellant.
A. Britton Havens, for respondent.

WILLARD BARTLETT, J. The interlocutory judgment from which this appeal is taken declares that the appellant has an estate of inheritance in fee simple in one equal undivided sixth part of the premises which are the subject of partition, subject to certain specified liens; and it directs a sale of the property, and the payment to the appellant of one-sixth of the net proceeds, after deducting therefrom the amount of such liens.

With the provisions fixing the interests of the several parties and directing a sale the appellant finds no fault. The interlocutory judgment, however, further declares "that the defendant Mary A. Nichols is not entitled to compensation or allowance against any of the parties herein for any amount expended by her for improvements, taxes, assessments, insurance, or other expenses of said premises,"

and this constitutes the grievance of the appellant upon the present appeal. She acquired possession of one of the parcels of property described in the complaint in 1885, and the other in 1890, and held them from the times when they were respectively conveyed to her in those years until the latter part of the year 1894, under the honest belief that she owned the entirety. This belief appears to have been shared by the other parties in interest, who now assert ownership as co-tenants. Her title, however, proved to be defective except as to an undivided one-sixth. The premises had been sold in 1882 under the foreclosure of a mortgage, when they should not have been sold, as they had in fact previously been released from the mortgage lien. The appellant's title to all but one-sixth was derived through this erroneous foreclosure, and she has been devested thereof by ejectment suits similar to Clapp v. McCabe, 155 N. Y. 525, 50 N. E. 274, and Clapp v. Byrnes, 155 N. Y. 535, 50 N. E. 277. She now contends that the entire property to be partitioned has been enhanced in value to the extent of $4,225 by the additions and improvements which she made while she held the premises, and she asks this court to modify the interlocutory judgment so as to give her a first lien for that amount upon the proceeds of the partition sale. This is the only point presented for consideration, the appellant acquiescing in the judgment in all other respects.

The distinction between the rules of the common law and those of equity in regard to the allowance of the cost of permanent improvements to a tenant who has made them without the consent of his co-tenants is clearly stated in the case of Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307, and need not be elaborated here. That case is an authority directly in the line of Ford v. Knapp, 102 N. Y. 135, 6 N. E. 283, asserting the power of courts of equity, where special circumstances exist, to make an allowance in partition to a tenant in common for improvements made by him upon the premises in good faith, even though he has acted without the assent of the other owners. It is true, Judge Vann there says that, when actual partition cannot be had, contribution is not required for improvements as distinguished from repairs, even by courts of equity in this state, "except in the case of mills, houses, and the like, under circumstances of special necessity." We think, however, that the present case falls within this exception, as did Jones v. Duerk, 25 App. Div. 551, 49 N. Y. Supp. 987.

But the claim of the appellant is much too broad. In doing justice to her, care must be taken not to improve her co-tenants out of their rightful share of the property. So, also, she must be charged with the fair and reasonable value of her exclusive use and occupation of the portion which belonged to the other owners. The value of the land without the improvements should be ascertained, and the value of the improvements. The value of the appellant's use and occupation should also be determined. If this exceeds the value of her improvements, the appellant will be entitled to nothing by reason thereof. If it is less, it should be deducted from the amount representing the improvements, and the balance should be declared a first lien on the proceeds of the sale, except that such lien should not be effective to reduce her co-tenants' share in the proceeds to a smaller

sum than the ascertained value of their interest in the land exclusive of the improvements. In other words, each of the defendant's co-tenants must receive the full value of his land as though the defendant had never occupied it at all, and he must also receive the fair rental value thereof reckoned for the period of her occupancy. If, after these payments have been made, the proceeds of the sale exceed the value of the defendant's one-sixth of the premises, the excess will undoubtedly be due to the existence of the improvements; and it is only equitable, in view of the peculiar facts attending the development of the property held under this defective title, that such excess should go to the party by whom the improvements were made. This disposition of the equities of the case restores to the other tenants all their rights, and leaves them unharmed by anything which the defendant has done, while at the same time it prevents them from making any profit out of her innocent mistake.

The interlocutory judgment should be modified by striking therefrom the adjudication that the defendant Mary A. Nichols is not entitled to compensation or allowance against any of the parties herein for any amount expended by her for improvements or other expenses upon the premises, and by inserting in lieu thereof a statement of the rights of the parties, and a direction to proceed in reference to such claim for compensation in accordance with the views expressed in this opinion. All concur.

Order to be settled before BARTLETT, J., on notice.