### CLAPP v. HUNTER et al.

(Supreme Court, Appellate Division, Second Department. June 22, 1900.)

1. PARTITION—COSTS.
　　In a partition suit the property sold for $5,000. The value of the improvements was allowed to one of the parties, leaving only $1.200 to be divided. The costs awarded the various parties in the suit amounted to more than $1,500. *Held*, that under the circumstances of the case the costs should be reduced to a sum not exceeding one-third of their original amount.

2. SAME—WATER RATES PAID BY CO-TENANT—ALLOWANCE.
　　In a partition suit it was error to allow a co-tenant occupying the premises anything for water rates paid by her, as such expenditure could not have added to the salable value of the property.

3. SAME—INSURANCE ON IMPROVEMENTS.
　　In a partition suit, the improvements on the premises belonging to the co-tenant occupying them, it was error to allow such tenant for insurance paid on the property, as such payment could not have been any benefit to her co-tenants.

4. SAME—IMPROVEMENTS—INTEREST—DEDUCTION.
　　In a suit for partition, where the improvements belonged to the co-tenant occupying the premises, such co-tenant is entitled to a deduction of interest from the rents received only on the amount paid by her for the improvements, and not on the value of the land and improvements.

Appeal from special term, Westchester county.

Suit by Alexander W. Clapp against Catherine Hunter, Nelly V. B. Clapp, Cora Callan, and Henry A. Callan for partition of lands. From a judgment in partition, plaintiff and defendants Nelly V. B. Clapp, Cora Callan, and Henry Callan appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Richard V. Boyd and Henry W. Beebe, for appellants.
Wilson Brown, Jr., for respondent Catherine Hunter.

WILLARD BARTLETT, J. This is a partition suit involving some of the lands which were the subject of the erroneous foreclosure considered in Clapp v. McCabe, 155 N. Y. 525, 50 N. E. 274, Clapp v. Byrnes, 155 N. Y. 535, 50 N. E. 277, and Clapp v. Nichols, 31 App. Div. 531, 52 N. Y. Supp. 128. The respondent Catherine Hunter occupies a position similar to that of the defendant Mary A. Nichols in the case last cited. During the occupancy of the premises by her and her predecessor in title, improvements were made thereon, which have greatly enhanced the value of the property as a whole; and she claims an allowance for the cost of these improvements under

the exception sanctioned by the court of appeals in Ford v. Knapp, 102 N. Y. 135, 6 N. E. 283, and applied by the appellate division in the Fourth department in the case of Jones v. Duerk, 25 App. Div. 551, 49 N. Y. Supp. 987, as well as by this court in the Nichols Case. The court at special term adjudged the respondent to be the owner of two-sevenths of the property to be partitioned, and then made certain allowances to her on account of the building and other permanent improvements. The court evidently attempted to compute these allowances in accordance with the views that we expressed in the Nichols Case, but this attempt was not wholly successful. The property sold for $5,000. The value of the premises without the improvements was adjudged to be $1,200. The costs awarded in the judgment to the various parties amounted to more than this sum, being $1,527.62 in all. The judgment directs that the costs shall be charged against this amount of $1,200, representing the value of the premises without the improvements. As it will not suffice to pay the costs in full, the respondent is required to make up the difference; and the balance of the purchase price of $5,000, for which the property was sold, is awarded to her as compensation for the permanent improvements. The result is that, leaving the improvements out of consideration, the fund to be distributed in the partition suit is less than the costs, and the tenants in partition other than the respondent are worse off than if the property had not been sold at all. It is obvious that the award of costs would not have been so generous if the court had clearly perceived that the fund for distribution, instead of being $5,000, was really only such part of $5,000 as should remain after the value of the permanent improvements on the land had been deducted therefrom. It is not reasonable to suppose that costs in excess of $1,500 would have been awarded for the services performed in a partition suit where the property to be divided was worth only $1,200. In view of the facts of the case in this respect, we think that the costs should be so reduced as not to exceed one-third of the amount allowed in the judgment.

We are unable to perceive that any error was committed in fixing the extent of the respondent's interest in the property to be partitioned, or in ascertaining the separate values of such property and the improvements thereon. In some respects, however, the judgment allows the respondent more than she is entitled to receive under our decision in the Nichols Case, and in these respects it must be modified.

It was error to allow the respondent anything on account of water rates, for which she is credited with a payment of $388. It is impossible to perceive how this expenditure could in any way have added to the salable value of the property.

The item of $290 paid for insurance was also improperly allowed. There is nothing in the record to show that this payment can have been of any possible benefit to the respondent's co-tenants. Hence she is not entitled to charge it against them. Ford v. Knapp, supra.

In calculating the value of the respondent's exclusive use and occupation of those portions of the property which belonged to the other owners the court below deducted from the rents actually received, which aggregated $3,318, the sum of $2,241.25, which is stated

to be interest on the respondent's money invested for the benefit of all, in order to obtain the rents. This item of interest appears to be computed upon $5,500, which was the purchase price of the property when the respondent acquired it. That $5,500, however, necessarily embraced the land as well as the improvements; but she was entitled to interest only upon that portion which was paid by her for the improvements as distinguished from the land itself. At most, the value of these did not exceed $4,500; so that she seems to have been allowed interest on at least $1,000 too much.

The judgment appealed from must be modified in accordance with the views expressed in this opinion. As these corrections will necessarily involve changes in other parts of the judgment, dependent upon the portions directed to be modified, the judgment will be remitted to the court at special term, where the requisite alterations can more conveniently be made under the direction of the trial judge. All concur.