### ARTHUR v. ARTHUR et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. CO-TENANCY—PAYMENT OF TAXES AND INTEREST BY CO-TENANT—RIGHT OF RECOVERY.

    A co-tenant paying the taxes on the premises and the interest on a mortgage thereon during the lifetime of a widow in possession thereof entitled to dower therein, but which had not been admeasured, can only recover from his co-tenants the share of such taxes and interest paid for their benefit, but not the share thereof paid for the benefit of the widow for which she was liable.

Appeal from special term, Kings county.

Action by Isaac W. Arthur against Theodore L. Arthur and others. From a part of the judgment, some of the defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles H. Hyde, for appellants.
Augustus M. Price, for respondent.

WILLARD BARTLETT, J. That portion of the judgment from which the present appeal is taken awards to the plaintiff the sum of $3,082.72 to reimburse him for taxes, interest on a mortgage, and the expenses of a litigation relating to the property, which he claims

to have paid when in occupation of the premises which were the subject of partition. There is sufficient evidence to sustain the finding of the referee that the plaintiff actually made the payments in question, but it is not so clear that the entire sum of these payments should be charged against the appellants. The property involved in the suit formerly belonged to Elbert Arthur, who died intestate in 1853, leaving a widow and six children, one of whom is the plaintiff. The widow lived on the property from the time of her husband's death to the time of her own death, in December, 1897. The plaintiff appears also to have lived there since 1876, since which year he claims to have made the payments for which he has been allowed credit by the judgment herein.

Although the widow's dower seems never to have been admeasured, her occupation of the premises may be regarded as putting her practically in the position of a dowress in possession of the one-third of the estate to which she was entitled. Consequently the payments made by the plaintiff during her lifetime, on account of the taxes and the interest on the mortgage, were for her benefit to the extent of one-third of such payments. The fact that the plaintiff did not seek to enforce any liability against her by reason of these payments, partly made for her benefit, does not make such payments properly chargeable against the other heirs. While we agree with the learned referee that under the authority of Ford v. Knapp, 102 N. Y. 135, 143, 6 N. E. 283, 55 Am. Rep. 782, the plaintiff should be credited with the share of taxes and interest paid for the benefit of his co-tenants, we think that such share in this case should not be held to include the one-third of such taxes and interest paid during the lifetime of the widow.

The judgment should be modified by deducting from the sum allowed to the plaintiff one-third of the taxes and interest paid by the plaintiff during his mother's lifetime, and as thus modified should be affirmed, without costs of this appeal to either party. All concur.