JARVIS *v.* JARVIS.

1. PARTITION — WIDOW — DOWER — REMARRIAGE — ACCOUNTING — EXPENDITURES — PROFITS — EQUITY.

Widow of man who died in 1907, who received life estate in 40-acre farm as dower, continued to occupy the premises, paid a $300 indebtedness against it, supported defendant and two other children on income from it and other property she owned, who remarried and had second husband on the premises thereafter and to whom other two children conveyed their interests about 19 years after their father's death, *held,* in her suit for partition against defendant, not equitably entitled to reimbursement for expenditures made on the. property in view of her refusal or failure to account for profits and income derived therefrom (3 Comp. Laws 1897, § 9064).

2. SAME—GUARDIAN AND WARD—LIENS.

Plaintiff, mother of defendant, in partition proceedings *held,* not entitled to a lien on defendant's interest in property held by parties as tenants in common, based upon a possible award in a guardianship matter, now pending in a separate probate proceeding, where claim is dependent on final determination thereof.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted April 4, 1939. (Docket No. 4, Calendar No. 40,363.) Decided June 5, 1939.

Bill by Jessie Jarvis against Alma Jarvis for partition of property, an accounting, and other relief. From decree rendered, plaintiff appeals. Affirmed.

*John R. Rood,* for plaintiff.

*George W. Des Jardins,* for defendant.

McALLISTER, J. In 1907, Willis Titsworth died intestate, leaving as survivors his widow and three children. At the time of his death he was possessed of a 40-acre farm. In probate court the widow petitioned for assignment of residue and an order was entered transferring the real estate to the children, with a life estate, described as a dower right therein, to the widow. Plaintiff, the widow, paid an indebtedness of $300 against the farm and supported the children from the income of the farm and from other property which she owned. She later remarried and her second husband came to live with the family. This arrangement continued until 1926, when two of the children conveyed their interests in the farm to plaintiff. In 1936, defendant, the other child, who had at that time married and left the farm, wrote plaintiff a letter requesting

her to pay the taxes on the farm, which were in default. Thereupon plaintiff filed a bill for partition of the property, alleging that it would be necessary to sell the same and apportion the proceeds; and also asked reimbursement for improvements, taxes paid, and other expenses, subsequent to the year 1926.

On hearing the cause, the court refused to make any allowances to plaintiff for expenditures, for the reason that she had failed to account for any profits or income received from the property; and further decreed a partition of the land to be apportioned, two-thirds to plaintiff and one-third to defendant, subject to plaintiff's dower.

Plaintiff appeals, claiming that, as a tenant in common, she is entitled to reimbursement for expenditures made upon the property; that the partition decreed by the court is based upon an erroneous adjudication of property rights, and that plaintiff is entitled to have the property sold and the moneys divided. It is further claimed that plaintiff is entitled to a lien on the share of defendant in whatever the court may award in an account of a guardianship matter now pending in a separate probate proceeding.

On the trial, it was contended by plaintiff that the order of the probate court in 1908 awarding the real estate to the three children, subject to a life estate in plaintiff, was erroneous; that plaintiff was entitled to one-third interest in the estate of her deceased husband, such contention being made in reliance upon 3 Comp. Laws 1929, § 13440 (Stat. Ann. § 26.981), which at the time of hearing so provided in case of intestacy. However, at the time of Mr. Titsworth's death, the statute then in effect was Act No. 200, Pub. Acts 1893 (3 Comp. Laws 1897, § 9064), which provided that real estate should

descend in equal shares to the children of a deceased. Plaintiff at that time had no more than a right of dower therein upon the death of her husband; and it was not until the enactment of Act No. 286, Pub. Acts 1909, that the statute provided that one-third of the estate should descend to the widow. Plaintiff, therefore, secured everything to which she was entitled, by order of the probate court. Having thereafter received conveyances of their interests from two of her children, and having occupied the farm since the death of her husband, she had had the enjoyment of the entire estate since that time, including defendant's interest therein.

It would be inequitable to allow plaintiff reimbursement for expenditures made on the property, in view of her refusal or failure to account for profits and income derived therefrom. *Eighmey* v. *Thayer,* 135 Mich. 682; *Porter* v. *Osmun,* 135 Mich. 361 (3 Ann. Cas. 687). There is no persuasive reason apparent from the record to indicate that a partition of the property cannot be equitably made between the parties.

With regard to plaintiff's claim of a right of lien on defendant's interest, based upon a possible award in a guardianship matter, such claim is dependent on final determination thereof, and we do not consider such an uncertain claim as entitled to adjudication in this case.

Decree affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.