■ JANE H. HAUCK, Appellant-Respondent, v NORMAN C. HAUCK, Respondent-Appellant. — In a partition action, the parties cross-appeal from a judgment of the Supreme Court, Kings County, dated August 24, 1979, which, after settling the accounts of the parties, distributed the proceeds from the sale of the property. The parties purport to cross-appeal from an order of the Supreme Court, Kings County, dated June 5, 1979, which fixed the Referee's fee. Appeal from the order dismissed, without costs or disbursements (see CPLR 5513, subd [a]; 5515). Judgment reversed, without costs or disbursements, and the matter is remitted to the Referee for a redetermination of the distribution of the proceeds consistent herewith. In a schedule setting forth, *inter alia,* the rents collected by plaintiff during the

---

period of August 24, 1964 through September 30, 1976, plaintiff asserted that she had collected $8,225. Encompassed within this amount was $825 resulting from the monthly collection of $75 rent from one Jean Kellem between May 1, 1973 and March 30, 1974. Defendant contended that Kellem's monthly rent had been $90 but did not dispute the period in which it had been collected; after hearing testimony on this issue, the Referee credited plaintiff. Nevertheless, in settling the accounts of the parties, he charged plaintiff with collecting $2,025 in rent from Kellem from January, 1972 through March, 1974, and further held that this amount was in addition to the $8,225 set forth in plaintiff's schedule. The Referee erred. There was no evidence that plaintiff had collected rent from Kellem for any period other than the 11-month period claimed. In this respect the parties were in accord. The Referee's finding is unsupported by the record and the rents chargeable to plaintiff must be reduced to $8,225. The Referee further erred in concluding that interest could not be distributed proportionately because the amounts in dispute were not liquidated debts (cf. *Clapp v Hunter,* 52 App Div 253). Although the award of interest is discretionary with the Referee (CPLR 5001, subd [a]), under the circumstances of the present case, it would be an abuse of discretion to require equal distribution of interest where the distribution of the principal is in disproportionate shares. Accordingly, the interest which has accumulated on the principal should be distributed in proportion to the parties' respective awards. In addition, under the circumstances of the present case, it was an abuse of discretion to impose $250 costs against defendant for causing an adjournment where the undisputed reason for the adjournment was defendant's hospitalization. Therefore, the distribution to plaintiff should not include these costs. Finally, the Referee erred in attributing to defendant rental income of both $20,200 and $8,775 from the same apartment. Defendant asserted in his schedule that between August 24, 1964 and April 30, 1974 he had collected $75 per month from the occupants of the third floor apartment, totaling $8,775; plaintiff objected, contending that the monthly rent for the apartment had been $200 between the former date and December 31, 1972. It appears, however, that the Referee neglected to resolve this conflict and attributed both amounts to defendant in settling the parties' accounts. The matter is remitted to the Referee to resolve the conflict and redetermine the distribution of proceeds. Titone, J.P., Gibbons, O'Connor and Thompson, JJ., concur.