LOUIS SARBACH v. MARY NEWELL, *et al.*

*Motion for Rehearing.*

PLAINTIFF in error filed a motion for a rehearing of the foregoing case, which motion the court heard at its session in May, 1883, and at its session in June following filed the opinion, *infra.*

*Lowell & Walker,* and *Hayden & Hayden,* for plaintiff in error.

*Per Curiam:* The motion for rehearing in this case is presented upon the ground that the decision of this court, reported in 28 Kas. 642, is based upon certain erroneous assumptions of fact. Upon a reëxamination of the record, it is apparent that certain matters contained in the printed arguments referred to in the opinion of the court, are not embraced within the record. None of the evidence introduced upon the trial is preserved, and the facts stated in the pleadings of the plaintiff, together with the findings of fact of the trial court, must be all that we are to look to in the determination of the case, with this qualification: any fact may be inferred in addition to those found by the court, which must follow inevitably from the findings of fact. Upon the record it is not clear that the improvements upon the lot in controversy were made under the mistaken belief that the defendants were the sole owners of the lot, as one of the findings is—

"That the plaintiff is the owner by purchase and deed of the interests of Mary A. Kenyon and James P. and William H. Rexford, and that the defendant Mary Newell is the owner by purchase and deed of the interests of the other nine heirs of Phineas B. Rexford, deceased."

Conceding all that counsel for plaintiff say regarding matters stated in the opinion and not incorporated in the record, nevertheless the order and judgment of the district court must be affirmed, with a slight modification: that modifica-

tion is in regard to the proper allowance to be made out of the proceeds of the sale for the improvements put upon the premises, if it shall appear that the premises cannot be divided in the manner ordered by the decree without manifest injury.

There is nothing in the findings tending to show that the stone store building covers the whole property, and in the absence of such a finding we cannot assume this to be so.   It also inevitably follows from the facts found, that the improvements erected on the premises enhanced its value; for the net value of the rents without the improvements, the five years next preceding the commencement of this action, was only $20 per annum, and the value of the rents with the improvements is $480 per annum.   While the rule that a co-tenant may, in partition, recover compensation for improvements made by him without the assent of his co-tenants, is not of universal application, yet where one tenant-in-common lays out money in improvements on the estate, and thereby enhances its value, although the money so paid does not in strictness constitute a lien on the estate, a court of equity will not grant a partition without first directing an account and a suitable compensation; (sec. 629 of the Code.)   Good faith is required, however, on the part of the co-tenant making the improvements, as it must appear they were made honestly for the purpose of improving the property, and not for embarrassing his co-tenants or incumbering their estate, or hindering the partition. (_Hall v. Piddock_, 21 N. J. Eq. 311.) The fact that a tenant making such improvements knows an undivided share in the land is held by another party, is no bar to an allowance for improvements in equalizing the partition. (Freeman on Co-tenancy, § 510; _Hall v. Piddock_, supra; _Dean v. Otera_, 47 Ill. 130; _Kerlitz v. Hibner_, 55 Ill. 514.)

As a court of equity administers its relief according to its own notions of general justice and equity between the parties, and as the allowance of compensation for improvements is to do justice, "the compensation will be estimated so as to inflict no injury on the co-tenant against whom the improvements are charged.   Therefore such co-tenant will be charged

with his proportion only of the amount which at the time of the partition the improvements add to the value of the premises. From this amount he will also be entitled to deduct any sum to which he may have a just claim for use and occupation for his moiety enjoyed by the co-tenant making the improvements." (Freeman on·Partition, § 510.)

The order of the district court for the commissioners making partition to set off to the plaintiff the two-elevenths part of the premises without the stone store building thereon, if the same can be done without manifest injury, must be affirmed. But if partition cannot be made without manifest injury, the commissioners must appraise the value of the lot without the stone store building, and also the value of the lot with all the improvements thereon. The difference between the value of the lot without the stone store building and the value of the lot as improved, will be the amount which the improvements add to the value of the premises, or, in other words, will be the enhanced value of the property resulting from the improvements erected thereon.

The proceeds of the sale of the premises must be applied as follows: First, the costs as adjudged by the district court; second, the said defendants shall receive that proportion of the residue which the enhanced value of the premises, resulting from the improvements, shall bear to the appraised value of the lot; and the remainder of the proceeds shall be divided as decreed by the district court. As the taxes on the vacant lot have equaled the annual net value of the rents, issues and profits thereof, and as the taxes have been paid by the defendants, the plaintiff is not entitled to recover any sum for rents, issues or profits, or any damage for the withholding of the premises.