## LOUIS SARBACH v. MARY NEWELL, et al.

1. PARTITION; *Apportionment of Costs.* The plaintiff owned two-elevenths of a certain city lot, not including the enhanced value of the lot by reason of a building thereon, and the defendants owned the other nine-elevenths of the lot, and were also entitled to the enhanced value thereof by reason of said building. The plaintiff's interest in the entire property with respect to the defendants' interest was as 48 is to 997. *Held,* In an action for partition, that under § 628 of the civil code the costs, attorney's fees and expenses should be apportioned between the parties according to their respective interests in the entire property.

2. SALE; *Distribution of Proceeds.* In such action, where the property could not be partitioned without manifest injury thereto, but was sold, *held*, in pursuance of the foregoing statute and the decision of the supreme court formerly made in the case, (*Sarbach v. Newell*, 30 Kas. 102, 104,) that out of the proceeds of the sale, the costs, attorney's fees and expenses should first be paid, and then that the remainder of the proceeds should be divided between the parties according to their respective interests in the property.

### *Error from Jackson District Court.*

ACTION brought by *Sarbach* against *Newell*, for the partition of certain real estate. The plaintiff brings to this court for review a certain order of distribution made by the district court at the June Term, 1884.

*Lowell & Walker,* and *Hayden & Hayden,* for plaintiff in error.

*W. S. Hoaglin,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Louis Sarbach against Mary Newell and Samuel H. Newell to have certain real estate situated in the city of Holton, Jackson county, partitioned between them. On June 16, 1882, judgment was rendered in the case partitioning the property as follows:

"To the plaintiff, two-elevenths part of said premises without the stone store building thereon, if the same can be done without manifest injury; but if such partition cannot be made without manifest injury, then that said commissioners shall appraise the value of said lot, without the said stone store building, and make a report of their proceedings to the court forthwith. It is further decreed, that in case the plaintiff shall elect to take the property, he shall pay the found value of said stone store building, nine-elevenths of the appraised value of the lot, and his proportionate share of the costs and attorney's fees to be taxed; and in case the defendants shall elect to take the property at its appraised value, they shall pay two-elevenths of the appraised value of the lot, and nine-elevenths of the costs and attorney's fees herein to be taxed. It is further adjudged and decreed, that in case of a sale of

said property the proceeds arising from such sale shall be applied as follows, to wit:

"1. In payment of the costs of this proceeding, including attorney's fees, hereafter to be ascertained and taxed.

"2. That said defendants be paid that proportion of the residue which the found value of said stone store building shall bear to the appraised value of the lot, and the balance then remaining shall be divided as follows: Two-elevenths to the plaintiff, and nine-elevenths to the said Mary Newell."

At the July term of the supreme court in 1882 this judgment was affirmed. (*Sarbach v. Newell*, 28 Kas. 642.) Afterward, and at the January term of the supreme court in 1883, on a motion for a rehearing, the judgment of the district court was modified, by an order of the supreme court, as follows:

"The order, of the district court for the commissioners making partition to set off to the plaintiff the two-elevenths part of the premises without the stone store building thereon, if the same can be done without manifest injury, must be affirmed. But if partition cannot be made without manifest injury, the commissioners must appraise the value of the lot without the stone store building, and also the value of the lot with all the improvements thereon. The difference between the value of the lot without the stone store building and the value of the lot as improved, will be the amount which the improvements add to the value of the premises, or, in other words, will be the enhanced value of the property resulting from the improvements erected thereon.

"The proceeds of the sale of the premises must be applied as follows: First, the costs as adjudged by the district court; second, the said defendants shall receive that proportion of the residue which the enhanced value of the premises, resulting from the improvements, shall bear to the appraised value of the lot; and the remainder of the proceeds shall be divided as decreed by the district court. As the taxes on the vacant lot have equaled the annual net value of the rents, issues and profits thereof, and as the taxes have been paid by the defendants, the plaintiff is not entitled to recover any sum for rents, issues or profits, or any damage for the withholding of the premises." (*Sarbach v. Newell*, 30 Kas. 102, 104.)

Afterward, the commissioners appointed to partition the property examined the same, and reported to the district court

that the same could not be partitioned without manifest injury; and they also appraised the lot without the stone store building at $1,200, and the lot with all the improvements thereon at $4,750. The report of the commissioners was filed in the district court on February 29, 1884. Afterward, and on March 21, 1884, the case came on for further hearing in the district court, when the following proceedings were had, to wit:

"And thereupon and then and there the defendants offer to take the said property at the appraisers' value. And then and there the plaintiff offers to take the same at the appraised value. And thereupon the defendants in open court withdraw their offer. And then and there the plaintiff withdrew his offer. And then and there the defendants offered again to take the said property at the appraised value. And thereupon the plaintiff offered to take the said property at its appraised value, and asked for an order of sale. And thereupon it is ordered and adjudged by the court, that the sheriff of Jackson county proceed to advertise and sell said property," etc.

On May 31, 1884, the sheriff sold the property to Samuel H. Newell, for $4,500. On June 21, 1884, on motion of the defendants, the sale was confirmed; and thereupon the court ordered the proceeds thereof to be distributed as follows:

"To the defendants herein, their share as and for the stone store building the sum of $3,363.15; and that from the balance the proportional share which said lot brought at said sale, $1,136.85, be paid: First, the costs, including attorney's fees, $225, (one-half to be paid to plaintiff's attorneys, and one-half to defendants' attorneys;) and the balance to be paid, two-elevenths to the plaintiff, and to the defendants nine-elevenths of the residue of said proceeds or share."

Of this order of distribution the plaintiff complains, and brings the case to this court for review. He claims that the costs, attorney's fees and expenses should be first paid out of the entire proceeds of the sale of the property, and then that the remainder of the proceeds should be divided between the plaintiff and the defendants in proportion to their respective interests in the property; while the court in effect ordered that the defendants should be first paid their share resulting

from the enhanced value of the property by reason of the stone store building, without such share being subject to the payment of any of the costs, attorney's fees, or expenses accruing in the litigation, and then that the costs, attorney's fees and expenses of the litigation should be paid from the remainder of the proceeds. In other words, the plaintiff claims that the costs, attorney's fees and expenses should be first paid, and then that as the value of the lot without the stone store building was $\frac{1200}{4750}$ or $\frac{24}{95}$ of the entire value of the property, and that as the enhanced value of the lot resulting from the stone store building was $\frac{3550}{4750}$ or $\frac{71}{95}$ of the entire value of the property, and that as he owned $\frac{2}{11}$ of the lot, he should receive $\frac{2}{11}$ of $\frac{24}{95}$ or $\frac{48}{1045}$ of the remainder of the proceeds; and that the defendants, who owned $\frac{9}{11}$ of the lot and were entitled to all the enhanced value resulting from the stone store building, should receive $\frac{9}{11}$ of $\frac{24}{95}$ and $\frac{71}{95}$ or $\frac{997}{1045}$ of the remainder of the proceeds; or, in other words, that the amount which the plaintiff and defendants should receive respectively after the costs, attorney's fees and expenses were paid, should be as 48 is to 997. Under this view the plaintiff claims that he should pay only $\frac{48}{1045}$ or less than $\frac{1}{21}$ of the costs, attorney's fees and expenses, while under the order of the court below he is required to pay $\frac{2}{11}$ of the same. The statute relating to costs in actions for partition reads as follows:

"SEC. 628. The court making partition shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties, according to their respective interests, and may award execution therefor, as in other cases." (Civil Code, § 628.)

We think the claim of the plaintiff is substantially correct, both under the statute and under the order of the supreme court made at its January term, 1883. (*Sarbach v. Newell*, 30 Kas. 104.) The costs, attorney's fees and expenses should first be paid out of the entire proceeds of the sale of the property, and then the parties should receive their respective shares out of the remainder of the proceeds. By such a distribution and apportionment, the costs, attorney's fees and expenses, as

well as the amounts to be paid to the parties, would be apportioned "among the parties according to their respective interests."

The order of apportionment made by the court below on June 21, 1884, will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.