No. 48,301

JESSIE B. MILLER, *Appellee,* v. R. O. MILLER, *Defendant,* and
IMA KAYE MILLER, *Appellant.*

(564 P.2d 524)

Opinion filed May 14, 1977.

*Allyn M. McGinnis,* of El Dorado, was on the brief for the appellant.
No appearance for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a civil action in which one cotenant, Ima

Kaye Miller, appeals from the final order in a partition action. The trial court ordered partition but determined that the fee-simple title was vested in Jessie B. Miller, plaintiff-appellee, and quieted his title against the cotenants, defendant-appellant, Ima Kaye Miller, and defendant, R. O. (Richard) Miller. For clarity we will refer to the parties by their given names.

Most of the facts are not disputed. Jessie is the father of Richard; Richard and Ima Kaye were husband and wife. The real estate, consisting of four acres of land in Butler County, was purchased in 1965. Jessie paid all of the purchase price, $4,500. The seller executed a deed conveying the property to Jessie, Richard, and Ima Kaye, as joint tenants with the right of survivorship and not as tenants in common. The deed was recorded.

There was a mobile home and a storm cellar on the property at the time of purchase. Jessie moved into the mobile home. Thereafter, he poured a concrete slab over the storm cellar and, with the help of Richard, built a house thereon. Ima Kaye also claims to have helped build the house. Jessie paid for the materials, and he paid the taxes on the property. Richard and Ima Kaye moved into the house upon its completion and lived there until Ima Kaye commenced a divorce action against Richard in 1974. A divorce was granted to Ima Kaye on April 24, 1975. Insofar as the real estate is concerned, the divorce decree recites:

"The Court . . . finds . . .

". . . that no finding should be made as to the ownership of the real property referred to in plaintiff's petition . . . but determines that if the parties hereto have any interest in said real property then said interest should be divided equally between plaintiff and defendant . . .

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that plaintiff and defendant are each divorced from the other. . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

"IT IS FURTHER ORDERED that any interest these parties might have in and to the following described real property, to-wit:

[Description omitted.]

said interest to be determined in any appropriate action for such purpose; shall be divided equally between plaintiff and defendant, each to own fifty per cent (50%) of whatever interest the parties might have."

Jessie commenced this action for partition on June 20, 1975, naming Richard and Ima Kaye as defendants. In the petition he alleged that title to the land was conveyed to the three of them as joint tenants in 1965; that he paid the purchase price, bought the

materials and built the house; that he paid taxes and utilities and is the equitable owner of all of the real estate and improvements; that defendants claim some interest in the realty; that the realty is not a homestead and is susceptible of being partitioned; and that he desires to have the interests of the parties determined, and to own his interest in severalty.

Ima Kaye answered, claiming a ⅓ interest by virtue of the gift, and by reason of labor she expended in the construction of the improvements. She asked that the property be set off to her as her homestead, or in the alternative that she be given her proportionate share of the proceeds of sale. Richard did not file an answer. He appeared only as a witness for his father.

Following trial, the court found that Jessie, Richard and Ima Kaye acquired title as joint tenants; that Jessie paid for the land and the materials, and did the greater part of the labor in building the house, though the defendants did help him; that Jessie paid the taxes; and that the defendants borrowed some money on the real estate which was used to pay their debts. The sole conclusion of law reads:

"That said property should be partitioned and that under said partition action, the plaintiff should be granted full ownership to the real estate, and the Court does so order."

The journal entry directs that ownership of the realty be vested in Jessie and that his title be quieted against the defendants.

Ima Kaye presents two points on appeal: that Jessie did not come into court with "clean hands" and therefore the court should have refused the equitable relief of partition; and that the court erred in awarding the entire property to Jessie.

Appellant's first argument is this: that misconduct by Jessie caused the breakup of Ima Kaye and Richard's marriage, and their divorce; that Jessie harassed appellant and caused her to move from the property; therefore, Jessie did not come into court with clean hands, and the trial court should have denied him the equitable relief he sought, partition of the property.

The clean hands doctrine provides in substance that no person can obtain affirmative relief in equity with respect to a transaction in which he has, himself, been guilty of inequitable conduct. *Green v. Higgins*, 217 Kan. 217, 535 P. 2d 446, Syl. 1. However, as Justice Prager pointed out in that opinion, the clean hands maxim is not a binding rule, but is to be applied in the sound discretion of the court. *Green,* p. 220.

Partition provides a method whereby two or more persons who own property together may put an end to the multiple ownership, so that each may own a separate portion of the property or, if a division in kind is not feasible, the property may be sold and each owner given an appropriate share of the proceeds. It is said to be a right much favored in the law because it secures peace, promotes industry and enterprise, and avoids compelling unwilling persons to use their property in common. 59 Am. Jur. 2d, Partition, sec. 3, p. 773. The right of partition is said to be an incident of common ownership. 68 C.J.S., Partition, sec. 21, p. 33.

Justice Wedell, quoting from *Fry v. Dewees*, 151 Kan. 488, 99 P. 2d 844, in *Holland v. Shaffer*, 162 Kan. 474, 178 P. 2d 235, said:

" 'As a general rule, a tenant in common of a fee-simple estate in real property is entitled to partition as a matter of right. Such right, however, is subject to the full power of the court to make a just and equitable partition between the parties and to secure their respective interests.' " (p. 479.)

He went on to say:

". . . The right of partition is considered an incident of common ownership. It is based on the equitable doctrine that it is better to have the control thereof in one person than in several who may entertain divergent views with respect to its proper control and management. The general rule therefore is that all property capable of being held in cotenancy is subject to partition by judicial proceedings, the partition being either in kind or by appraisal and sale. . . ." (p. 480.)

A joint tenant is a cotenant owning an undivided interest in property, and partition may be had as between joint tenants to the same extent as between tenants in common.

The trial courts necessarily exercise wide judicial discretion in partition actions, but that discretion is exercisable primarily in the area of making a fair and just division between the parties. Courts may deny partition in order to prevent the remedy from becoming an instrument of fraud or oppression (*Holland v. Shaffer*, supra, p. 482) but we do not have that situation in the case before us. The claimed inequitable conduct of the plaintiff does not amount to fraud, and has no direct bearing upon the partition action. We conclude that the trial court did not abuse its discretion in directing partition of the property.

We now turn to appellant's second claim of error, that the trial court erred in awarding the entire property to Jessie. We agree that the court did err in so ruling.

The record establishes that each of the three parties—Jessie, Ima Kaye, and Richard—owned an undivided one-third interest in this tract at the time suit was commenced, and had owned such interests for almost ten years, since the recording of the deed in 1965. Jessie made a gift of a one-third interest to his son and of a like interest to his daughter-in-law when the property was acquired. That Jessie paid the entire purchase price is immaterial.

This is not an action to set aside the deed; there is no claim of fraud, overreaching, or undue influence. This is simply an action to partition the land between the three cotenants. The court failed to find the essential fact of ownership by cotenants which stands unchallenged on this record, and to direct partition or sale and division of the proceeds accordingly.

Improvements added to a property by one of several cotenants may be the subject of a credit to that cotenant. The extent of the credit is not the cost of the improvement, but the amount by which the value of the property is enhanced at the time of sale. *Ames v. Ames*, 170 Kan. 227, 225 P. 2d 85; 68 C.J.S., Partition, sec. 139 d, p. 227; 59 Am. Jur. 2d, Partition, sec. 53, p. 812. Taxes paid by a cotenant may also be the basis for a credit. *Thresher Co. v. Judd*, 104 Kan. 757, 180 Pac. 763.

The trial court should first determine the interest of each cotenant as required by K.S.A. 60-1003 (c) (1), taking into account not only the record title but the enhancement in value resulting from the improvements made by each, in the exercise of its primary powers to make a just and equitable partition and to secure the interests of each party. *Stratmann v. Stratmann*, 204 Kan. 658, 661, 465 P. 2d 938. Further proceedings are mandated by the statute.

For the reasons stated the judgment is reversed with directions to grant a new trial.