**BOYD MOTORS, INC., Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Defendant,**

**Volkswagen Credit, Inc., Plaintiff/Intervenor.**

**Civ. A. No. 85–2370–V.**

United States District Court, D. Kansas.

June 11, 1991.

Eldon L. Boisseau, Turner & Boisseau, Wichita, Kan., for plaintiff.

Monique C.M. Leahy, Howard D. Lay, Dysart, Taylor, Penner, Lay & Lewandowski, Kansas City, Mo., for plaintiff/intervenor.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

The only issue remaining to be resolved in this insurance dispute is the amount of statutory attorneys' fees plaintiff Boyd Motors, Inc., is entitled to recover from defendant Employers Insurance of Wausau. On April 11, 1991, plaintiff filed a Motion for Allowance of Attorneys' Fees (Doc. 154). Defendant has responded and contests the reasonableness of plaintiff's request (Doc. 161). For the reasons stated below, plaintiff is awarded attorneys' fees in the amounts of $5,134.06 to be paid to WATSON, ESS, MARSHALL & ENGGAS and $47,277.79 to be paid to TURNER & BOISSEAU, Chartered.

■ This case involved defendant insurer's refusal to pay sums due under a policy of insurance for hail damage to automobiles owned by plaintiff. After the Tenth Circuit concluded that the sums that defendant had refused to pay were not excluded under the policy of insurance, *see, Boyd Motors, Inc. v. Employers Ins. of Wausau,* 880 F.2d 270 (10th Cir.1989), the parties reached an agreement concerning the amount of damages and consequential damages that plaintiff had incurred. As a result of that agreement, plaintiff's recovery exceeded the amount tendered to plaintiff by defendant preceding commencement of this action. Under the factual scenario of the case, Kansas law mandates that plaintiff collect reasonable attorneys' fees. K.S.A. 40-908. That statute provides:

> That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company

on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

*Id.* Accordingly, we are obligated to award plaintiff reasonable attorneys' fees.

■ Under K.S.A. 40–908 the fixing of a fair and reasonable sum as attorneys' fees is the duty of the trial judge. In so doing, the trial court must exercise sound judicial discretion. *State Farm Fire & Cas. Co. v. Liggett,* 236 Kan. 120, 130, 689 P.2d 1187 (1984). Some circumstances to be considered in determining the amount of reasonable attorneys' fees include:

> the amount and character of the services rendered; the labor, time and trouble involved; the nature and importance of the litigation or business in which the services were rendered; the responsibility imposed; the amount of money or the value of the property affected by the controversy, or involved in the employment; the skill and experience called for in the performance of the services; the professional character and standing of the attorney and the results secured.

*Id.* (quoting *Hall v. Hamilton,* 233 Kan. 880, 886, 667 P.2d 350 (1983)). In assessing fees, the court is required to analyze the attorneys' services from the outset, the time assessed, and the attorneys' firms' respective billing rates.

Plaintiff requests attorneys' fees in the amount of $5,134.06 to be paid to the law firm of WATSON, ESS, MARSHALL & ENGGAS. In support of that request, plaintiff has supplied the court with the affidavit of Thomas Ruzicka, an attorney with the firm, and the firm's billing statements (Doc. 156). Keeping in mind the considerations noted above, we have reviewed those documents and conclude that the time expended by the attorneys, the rates charged by the firm, and the attorneys' expenses, as claimed, are reasonable. Accordingly, we conclude that the amount which plaintiff requests be paid to WATSON, ESS, MARSHALL & ENGGAS as attorneys' fees—$5,134.06—is reasonable.

■ Plaintiff also requests attorneys' fees in the amount of $57,416.79 to be paid to the law firm of TURNER & BOISSEAU, Chartered. In support of that request, plaintiff has supplied the court with the affidavit of Hal Meltzer, an attorney with the firm, and the firm's billing statements (Doc. 155, Ex. A–K). Those documents disclose that plaintiff's attorneys expended approximately 360 hours on this case. Taking into consideration the age of this case and the complexity of the issues, we cannot conclude that the time claimed expended is unreasonable. The documents also disclose that plaintiff's attorneys incurred $3,745.79 in expenses. Taking the same factors into consideration, we cannot conclude that the claimed expenses are unreasonable. The documents further reveal that plaintiff's attorneys charged their clients at the following rates: $150–$200 per hour for senior partners; $135 per hour for partners; $125 per hour for associate attorneys; and, $50 per hour for paralegal help. Taking into consideration the factors as set forth above, we conclude that the rates charged exceed what we will allow. We conclude that the following rates are reasonable: $120 per hour for partners; $90 per hour for associate attorneys; and, $25 per hour for paralegal help. Based on the foregoing, we conclude that reasonable attorneys' fees and expenses for TURNER & BOISSEAU, Chartered, are $47,277.79.

IT IS, THEREFORE, BY THE COURT ORDERED that, pursuant to K.S.A. 40–908, defendant Employers Insurance of Wausau pay plaintiff's attorneys, WATSON, ESS, MARSHALL & ENGGAS, fees in the amount of $5,134.06.

IT IS FURTHER ORDERED that, pursuant to K.S.A. 40–908, defendant Employers Insurance of Wausau pay plaintiff's attorneys, TURNER & BOISSEAU, Char-

tered, fees in the amount of $47,277.79. The case is hereby closed.

IT IS SO ORDERED.