No. 68,944

WYLIE G. DENTON, *Appellee*, v. GARY M. LAZENBY, *Appellant*.
(879 P.2d 607)

Opinion filed August 17, 1994.

*Daniel D. Owen*, of Law Office of Daniel D. Owen, of Oskaloosa, argued the cause and was on the brief for appellant.

*Laurence M. Jarvis*, of Laurence M. Jarvis, Chartered, of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: At issue in this appeal is whether the trial court erred in dividing the sale proceeds of real estate sold in a partition action by giving credit to Wylie G. Denton for the cost of improvements made to the partitioned property.

The parties, Wylie G. Denton and Gary M. Lazenby, intended to acquire the realty as tenants in common, repair a dam on the property, and then divide the property equally (66 acres each). They entered into a contract for deed to purchase the property for $70,500; the parties were to pay the seller in cash the difference between the purchase price and the balance due on the seller's mortgage and they were to assume the seller's mortgage. Denton paid $19,050 toward the purchase price. Lazenby paid

$17,405 toward the purchase price. The contract for deed provided that when Lazenby sold his house he would pay the balance and that he had 18 months to do so.

Denton secured the labor and equipment of friends to aid in repairing the dam. The trial court determined the services and equipment procured to have a value of at least $39,000. It is a credit for this sum that is in dispute.

A falling out occurred between the parties. Lazenby subsequently paid off the contract for deed by making an additional payment of $41,586.17.

Denton then filed this lawsuit. Count I of the petition asked that the oral agreement between the parties be enforced; Count II asked for an accounting; and Count III asked that, in the alternative, the land be partitioned.

Lazenby answered, denying the allegations, and added a counterclaim for partition.

Prior to trial, the parties stipulated that the property could not be partitioned in kind and thus needed to be partitioned by sale.

The trial court made detailed and extensive findings of fact and ordered the real estate partitioned by sale. Denton's interest in the real estate was set at $58,050 ($19,050 + $39,000). Lazenby's interest was set at $58,991.67 ($17,405.50 + $41,586.17). Any amount from the sale above $117,041.67 would be shared equally.

Lazenby appealed to the Court of Appeals. The only issue appealed was whether the trial court erred in giving Denton credit for the cost of improvements to the land. The Court of Appeals panel held in an unpublished opinion filed November 24, 1993, that a cotenant can receive credit for improvements added to property, but the credit is not the cost of the improvement—it is the amount by which the value of the property is enhanced by those improvements at the time of sale. The Court of Appeals panel relied on *Miller v. Miller,* 222 Kan. 317, 564 P.2d 524 (1977), for its holding. The panel went on to hold that "[t]he amount of the enhancement to the property's value may be more or less than the costs of the improvements to be determined by the trial court in the exercise of its power to make an equitable

partition. *Renensland v. Ellenberger*, 1 Kan. App. 2d 659, 666, 574 P.2d 217 (1977)."

The Court of Appeals remanded for a determination of the amount "by which the property's value at the time of sale was enhanced by Denton's improvements." If indeed the general rule advanced in *Miller* applies to the facts of this case and the correct time to measure the value is at "the time of sale," interesting questions that are not before us would need to be answered. We were advised at oral argument that last summer's excessive rainfall and floods have completely washed out the dam. The property has not been sold because Lazenby posted a supersedeas bond. Thus, an appraisal at this time or in the future would necessarily reflect that at the time of the sale the repairs to the dam (improvements) would add nothing to the value of the land.

A number of rules apply to partition actions where a cotenant has improved the property. The rule set forth in *Miller*, 222 Kan. 317, is the general rule. However, the general rule is usually applied to situations where there has been a title dispute and one party acting in good faith has made improvements or where a cotenant acting in good faith has, with or without the knowledge of the other owners, made improvements. Various remedies have been fashioned in an effort to do equity to all the cotenants.

Here, we have a factor not present in most partition actions which we believe calls for applying a different rule than set forth in *Miller*. To apply *Miller* to all partition actions where partition in kind is not possible would result in harsh outcomes in cases such as the one presently before us, where cotenants agree on making improvements on the property and jointly do so but one cotenant shoulders an unequal burden.

The parties here agreed the dam would be repaired, and each party put in a considerable amount of time and effort doing so. They also agreed they would not obtain the required state permit before undertaking the repair, and if the dam was negligently repaired, each had an equal part in such repairs. The improvements were made jointly and with full knowledge and consent of the other cotenant. Denton undertook to make improvements to the property by repairing the dam. Lazenby undertook to pay

more than his share of the mortgage. Both Denton and Lazenby appear entitled, in determining an equitable division of proceeds from the partition sale, to receive credit or reimbursement for their respective undertakings. We hold the trial court applied equity principles to the facts before it and did not err in doing so.

In a partition action, K.S.A. 60-1003(d) gives a trial court authority to make any order not inconsistent with Art. 10, ch. 60 of the Kansas Statutes Annotated which may be necessary to make a just and equitable partition and to secure the respective interests of the parties.

The trial court may make an order necessary to a just and equitable partition. *Dawson v. Dawson*, 136 Kan. 471, 477, 16 P.2d 946 (1932). *Dawson* did apply the *Miller* rule. However, in *Phipps v. Phipps*, 47 Kan. 328, 336, 27 Pac. 972 (1891), this court stated that each case makes its own laws. In *McKelvey v. McKelvey*, 83 Kan. 246, 249, 111 Pac. 180 (1910), this court held that lasting improvements made in good faith by a cotenant which enhanced the value of the land are subject to equitable recognition and compensation in making the partition.

"In partition proceedings, a co-tenant's right to contribution for improvements and other expenses is not a legal right, but arises from principles of equity." *Janik v. Janik*, 474 N.E.2d 1054, 1057 (Ind. App. 1985). A rationale for allowing compensation for the value of improvements is to prevent a nonimproving cotenant from being unjustly enriched by improvements to which he or she did not contribute. *Capogreco v. Capogreco*, 61 Ill. App. 3d 512, 514, 378 N.E.2d 279 (1978). One of the reasons for limiting the amount of reimbursement to the increase in value of the property is to prevent one cotenant from negating another cotenant's interest in the property by making expensive improvements and then being reimbursed for the cost of improvements which the nonimproving cotenant did not desire or which do not comparably increase the value of the property. See *Graham v. Inlow*, 302 Ark. 414, 790 S.W.2d 428 (1990); *In re Marriage of Berger*, 140 Ariz. 156, 680 P.2d 1217 (1983); *Capogreco v. Capogreco*, 61 Ill. App. 3d 512; *Janik v. Janik*, 474 N.E.2d 1054. In *In re Marriage of Berger*, 140 Ariz. at 164, the court noted that a rule giving an

improving cotenant credit for the value of the improvement rather than its cost protects both the improving cotenant and the nonimproving cotenant: The nonimproving cotenant is not burdened with the cost of improvident improvements, and the improving cotenant is protected when his or her improvements have greatly appreciated in value. *Cf. Renensland v. Ellenberger*, 1 Kan. App. 2d 659, 666, 574 P.2d 517 (1977) ("the value of improvements may be more or less than their cost").

The above are the general rules and are sustained by the great weight of authority. However, cases arise in which it would be inequitable to permit these rules to govern. *Dean et al. v. O'Meara et al.*, 47 Ill. 120 (1868); *Ford et al. v. Knapp et al.*, 102 N.Y. 135, 6 N.E. 283 (1886); *Moore v. Thorp*, 16 R.I. 655, 19 A. 321 (1889); *Johnson v. Pelot*, 24 S.C. 255 (1885); *Ward v. Ward's Heirs*, 40 W. Va. 611, 21 S.E. 746 (1895); 59A Am. Jur. 2d, Partition § 241, n.12, p. 144. For example, if a nonimproving cotenant has requested improvements or has actively participated in bringing about improvements, equity would not require limiting reimbursement to the improving cotenant to the amount by which the value of the property was increased. *Ward v. Ward's Heirs*, 40 W. Va. at 622-23.

By statute, K.S.A. 60-1003, the trial court in a partition action is to make a just and equitable partition and secure the parties' respective interests. This includes an accounting and adjusting of equities. See *Scott et al. v. Guernsey et al.*, 48 N.Y. 106 (1871), *Wright agt. Wright*, 59 How. Pr. 176 (N.Y.S. Ct. 1879); *Whitmire v. Powell*, 103 Tex. 232, 235-36, 125 S.W. 889 (1910); *Kalteyer, Executrix v. Wipff*, 92 Tex. 673, 683, 52 S.W. 63 (1899).

Here, the trial judge could have accomplished the same result by using different labels, *i.e.*, other rules of law. A majority of this court holds this case is an exception to the general rules of law concerning improvements placed on real property by a cotenant. The trial court did not err in its holding. The decision of the Court of Appeals affirming in part, reversing in part, and remanding to the district court is affirmed in part and reversed in part. The decision of the district court is affirmed.

HOLMES, C.J., concurs in the result.

SIX, J., dissenting: I would affirm the Court of Appeals' unanimous application of *Miller v. Miller*, 222 Kan. 317, 564 P.2d 524 (1977), to resolve the case at bar. Lazenby's sole contention before the Court of Appeals was that the trial court misapplied the law in giving Denton credit for the costs of improvements to the partitioned land. We now consider the same issue.

The trial court included in the findings of fact that the principal failure of the parties was to forego the formalization of—by written contract, by the exchange of deeds, and/or by the exchange of easements—their agreement to divide the property into two separate 66-acre tracts.

Our standard of review of a conclusion of law is unlimited. *U.S.D. No. 352 v. NEA-Goodland*, 246 Kan. 137, 140, 785 P.2d 993 (1990). Improvements added to property by one cotenant may be the subject of an appropriate credit. The extent, however, of the credit is not the cost of the improvement, but the amount by which the value of the property is enhanced by those improvements at the time of sale. *Miller*, 222 Kan. 317, Syl. ¶ 5. The Court of Appeals, in the same year *Miller* was decided, reasoned that the amount of the enhancement to a property's value may be more or less than the costs of the improvements to be determined by the trial court in the exercise of its power to make an equitable partition. *Renensland v. Ellenberger*, 1 Kan. App. 2d 659, 666, 574 P.2d 217 (1977).

The majority has dismissed *Miller's* application by observing, after characterizing the *Miller* rule as a general rule, the following: "However, the general rule is usually applied to situations where there has been a title dispute and one party acting in good faith has made improvements or where a cotenant acting in good faith has, with or without the knowledge of the other owners, made improvements." I do not agree with the majority's limiting conclusion. My concern is that the majority has overruled *Miller*. See Syl. ¶ 2 of the majority opinion. The previously settled law of improvement credit/value enhancement in partition actions is now unsettled. The instant case is a solid candidate for application of the *Miller* rule.

In *Miller*, a father bought four acres; deeded the land to himself, his son, and his daughter-in-law as joint tenants; paid the taxes; and paid for most of the improvements. The trial court ordered partition and awarded the land to the father. The daughter-in-law appealed. We reversed and remanded for a new trial. The record established an undivided one-third interest to the land in each of the joint tenants. We held that after the trial court had determined the interests of each party, it was to proceed to award credits to the cotenants for the improvement enhancement value provided by each. The extent of the credit is not the cost of the improvement, but the amount by which the value of the property is enhanced at the time of sale. 222 Kan. at 321. The daughter-in-law claimed a ⅓ interest by reason of the gift and because of the labor she contributed in the construction of the improvements.

The majority observes that the *Miller* rule protects both the improving cotenant and the nonimproving cotenant and is sustained by the "great weight of authority." I agree.

The majority, however, invokes nine foreign cases to support its rejection of *Miller*. I reference the holdings of each of the nine. The nine do not persuade me to alter the well-settled aspect of partition law established by *Miller*. My reading of the group results in the conclusion that the nine qualify as 19th century precursors to the *Miller* rule. (The nine are dated from 1868 to 1910). The nine would feel at home in this dissenting opinion.

1. *Dean et al. v. O'Meara et al.*, 47 Ill. 120 (1868):

The court held in a partition action that the trial court erred in failing to direct the commissioners to set off to the wife the portion of the premises upon which she had built a house. If the lot is determined not to be susceptible of partition, the relative value of the lot and house should be determined and the purchase money should be apportioned to give the one who built the house *the increased value of the property derived from the improvements* in addition to her pro rata interest in the land. 47 Ill. 120, Syl. ¶ 1.

2. *Ford et al. v. Knapp et al.*, 102 N.Y. 135, 6 N.E. 283 (1886) (plaintiffs; judgment creditors of Whitaker, a cotenant, redeemed

and brought an action for partition against the other cotenant defendants):

Whitaker's interest in a mill property was sold on a judgment against him and purchased by the defendants. The property was in need of repair. The defendants financed the necessary repairs and improvements, restoring the mill and greatly increasing its value. The court held that upon division of the proceeds from the sale of the property, defendants were entitled under equity to an allowance for *the enhanced value of the property resulting from the repairs and improvements.* 102 N.Y. at 142-43.

3. *Moore v. Thorp*, 16 R.I. 655, 19 A. 321 (1889) (partition action):

The court noted that "[i]t has generally been held that a part owner, who has enhanced the value of the common estate at his own cost, is entitled to such equitable compensation as will leave only the value of the estate without the improvements to be divided among the tenants in common." 16 R.I. at 656. The court explained that cotenants should not be able to take advantage of the improvements for which they have contributed nothing. The measure of compensation was to be the value of *the improvements as represented by an enhanced price.* 16 R.I. at 657.

4. *Johnson v. Pelot*, 24 S.C. 255 (1885), *on petition for rehearing* 24 S.C. 264 (1886) (action for partition and accounting for rents and profits):

The plaintiff filed a petition for rehearing on the ground that a tenant in common cannot be required to pay for improvements, without consent, made upon the property by a cotenant. The court reasoned that when improvements are made by one cotenant under the belief that he or she has a fee simple title to the premises or when the improvements have been erected under circumstances which would create an obvious hardship for the improving tenant if he or she were to be denied the benefit, courts, in equity, try to give the improving tenant the benefit thereof if practicable. 24 S.C. at 264-65. Consequently, courts should allow *the improving tenant the increased value due to the improvement, not the original cost of the improvement,* as compensation. 24 S.C. at 265.

5. *Ward v. Ward's Heirs*, 40 W. Va. 611, 21 S.E. 746 (1895) (action for sale of property not susceptible of partition and an accounting of rent and money due cotenant for improvements):

"Where, however, the property is not susceptible of partition, and must be sold to divide the proceeds, the coparcener who made repairs and permanent improvements shall receive out of the proceeds that amount by which the property, at the date of sale, remains enhanced in value from the improvements, not their original cost." 40 W. Va. 611, Syl. ¶ 7.

The court observed in dicta that

"if there was an agreement between the parties that the improvements be made, that would entitle the plaintiff to perhaps a larger recovery, that is, the original cost of improvements with interest from date when made, while if there was no request, he would get out of the sale the mere increase of value." 40 W. Va. at 622-23.

6. *Scott et al. v. Guernsey et al.*, 48 N.Y. 106 (1871) (action for partition of lands and accounting as to the rents by certain of the tenants in common):

The court discussed authority for the proposition that a party may be responsible for costs associated with improvements for which consent has been provided. 48 N.Y. at 123. The court explained that in *Scott*, no such consent was given by the cotenants so the appellant was not entitled to compensation and must pay the full value of his occupation of the property as a tenant. 48 N.Y. at 124.

7. *Wright agt. Wright*, 59 How. Pr. 176 (N.Y.S. Ct. 1879) (action for accounting, to have the undisposed property set apart to the plaintiff, and to have the plaintiff's half of the proceeds for what the defendant has disposed of be declared a lien on the defendant's estate):

The court, among other things, held that tenants in common had the right, in equity, to an action for accounting. 59 How. Pr. at 185.

8. *Whitmire v. Powell*, 103 Tex. 232, 125 S.W. 889 (1910) (suit brought by administrator of an estate for recovery of a half interest in land and for partition):

The court held that the tenant in common had the right to reasonably improve the land

"and to be reimbursed for the expense in partition; provided, the improvements were not placed upon it for the purpose of embarrassing his cotenants in the assertion of their rights. A tenant in common who has improved the land, not for the purpose of embarrassing his cotenants, is entitled to have them set apart to him, providing it can be done in justice to his cotenants; if this can not be done, then he is entitled to compensation for them in the partition. [Citation omitted.]" 103 Tex. at 236.

The opinion does not specify what constitutes the "embarrassing" of cotenants or how compensation is measured.

9. *Kalteyer, Executrix v. Wipff*, 92 Tex. 673, 52 S.W. 63 (1899) (appeal from a lower court ruling that suit was not a partition action):

The court stated that when statutory provisions regulating actions involving disputed land titles and accounting preliminary to distribution are inadequate, courts, in equity, have the jurisdiction to resolve the difficulties. 92 Tex. at 682.

The majority, in the case at bar, states, "The improvements were made jointly and with full knowledge and consent of the other cotenant". The opinion reasons that each cotenant appears entitled "to receive credit or reimbursement for their respective undertakings." I agree.

The partition sale distribution of proceeds equation includes four elements: (1) Denton's initial cash payment ($19,050), (2) Lazenby's initial cash payment, ($17,405), (3) Lazenby's cash payment on the contract for deed ($41,586.17), and (4) Denton's contribution of services and equipment in repairing the dam. Denton was primarily responsible for the dam and considered Lazenby "definitely" a pest on the project. Denton did more of the work than Lazenby. The valuation of element (4) is our single task. The valuation of Lazenby's improvement contributions is not before us.

During oral argument we were informed that the 1993 summer rainfall washed out the dam. The record reflects that no permit for dam repair was secured from the State Board of Agriculture, Division of Water Resources; consequently, the validity and value of any repairs may be in serious question.

Edward Byrd, an engineer, with the State Board of Agriculture, Division of Water Resources, who testified at trial, was "stunned"

when he viewed the dam's breach repair. Byrd's qualifications as an expert were stipulated to. He testified that State regulations require a permit for the type of repairs involved. No permit was on file. Byrd noted the dam did not meet the State's minimum requirements in several respects. The emergency spillway was estimated to be only 20 to 25 feet wide. The minimum requirement is 40 feet. The spillway was "severely inadequate, not only was the width inadequate but the depth was also inadequate," according to Byrd. Before the State would approve the dam it would require a size and hazard class for a 100-year flood frequency plus three feet of freeboard at the top of the dam. Byrd testified that water would be over the top of the Denton-Lazenby dam if there were between a 50- and a 100-year flood. No required soil bearing tests were performed. He observed significant seepage below the dam.

The trial court's ruling on the division of the sale proceeds should be reversed. The case should be remanded for a determination of the amount, if any, by which the property's value was enhanced by Denton's dam repairs. Denton testified that, in his opinion, the value of the land appreciated because of the work he put in on it. Byrd's testimony counters value enhancement.

No dam will exist at the time of sale. Denton's improvement enhancement, if any, should be determined from the trial record as of the time of trial, because of the wash out, a novel post-trial condition. The *Miller* rule, which has established an element of predictability in partition law and is in accord with "great weight" of authority, should not be threatened by the facts of this case.

LOCKETT and ALLEGRUCCI, JJ., join in the foregoing dissenting opinion.