(138 P.3d 1249)
No. 94,704

JEANNETTE J. SHEETS and EDWARD K. SIMMS, *Appellees,* v. JOSEPHINE V. SIMMS, DOUGLAS G. SIMMS, PAULA B. SIMMS, BRYAN J. SIMMS, and JENNIFER J. ISAACSON, *Appellants.*

Opinion filed July 28, 2006.

*Darrell E. Miller,* of Miller and Ludwig, of Mankato, for appellants.

*Frank G. Spurney, Jr.*, of Spurney & Spurney, of Belleville, for appellees.

Before HILL, P.J., JOHNSON, J, and BUKATY, S.J.

HILL, J.: In this case we decide if a district court's confirmation of a real estate partition commission report is an abuse of discretion. Two grandchildren, feeling aggrieved by being excluded from their grandfather's will, filed the partition action in order to receive the value of their one-third interest in jointly owned real estate in Republic County. A court-appointed partition commission inspected the property, concluded partition in kind was not practicable, and so determined the fair market value of the real estate instead. Our review of the record reveals that the trial court explicitly followed the law in reaching its decision and carefully weighed the equities. We therefore affirm.

## *Facts and Proceedings*

Over several years, Kenneth and Josephine Simms acquired five tracts of land totaling 480 acres in Republic County. Part of the land was used for a cattle operation and part was used to raise crops. The Simms had four children: Douglas, Roger, Bryan, and Jennifer. The farm ownership was divided three ways. Kenneth and Josephine, Douglas and Paula, and Roger all owned a one-third interest.

Douglas and his wife, Paula, bought an undivided one-third interest in the farm. Similarly, Roger paid for and was deeded an undivided one-third interest when his parents acquired the property. But Roger died intestate in 1997 and his children, Jeanette and Edward (collectively "the grandchildren"), received their father's interest. Kenneth and Josephine, the grandparents, kept a one-third interest in the place.

Until Roger died in 1997, Josephine and Kenneth kept the income from their interests after the payment of all expenses connected with the management and operation of the farm. After Roger's death, the grandchildren received income from the property and never voiced concerns to their aunt and uncles or their grandparents about the manner in which expenses were paid and income was distributed.

Kenneth died in May 2003. Before that, in April 2002, he and Josephine conveyed different real property to the remaining children but nothing to the grandchildren. Also, the children were named as beneficiaries in Kenneth's will, but the grandchildren were not. A portion of the 480-acre property subject to this partition action had water rights appropriated in the name of Kenneth, which he, in turn, assigned to the children by deed, again excluding the grandchildren. After the grandchildren learned of the April 2002 conveyances and their exclusion from their grandfather's will, they filed a partition action in November 2003.

Josephine, nearly 85 years old at the time this action was filed, owns an undivided one-third life estate interest in the property. Douglas, Bryan, and Jennifer own the remainder interest in Josephine's one-third interest. Josephine and Bryan continue to own and operate the cattle operation. Bryan performs the majority of the farming operations, but he has no ownership interest in the land.

The court held a bench trial on the partition and decided the following: the grandchildren had an undivided one-third interest, Douglas and Paula Simms an undivided one-third interest, and Douglas Simms, Bryan Simms, and Jennifer Isaacson an undivided one-third interest subject to the life estate of Josephine. The court found partition would not result in extraordinary hardship or oppression to any of the children or their mother and ordered the land partitioned. The parties nominated three nonpartisan commissioners to partition the real estate among the parties according to their respective interests if possible, and, if unable to do so, appraise the value of the land. Each party was ordered to submit to the commissioners their own desires, plan, and proposition for the partition.

The commissioners inspected the property and concluded partition in kind was not practicable and found the fair market value of the five tracts to be $474,245. The grandchildren moved to confirm the commissioners' report, and the children and their mother filed an exception. In it, the children and their mother reiterated their proposal that a specific 80-acre irrigable tract be set aside as the grandchildren's one-third interest and argued the evidence at

trial warranted the court using its power to order the partition so the cattle operation could continue on the remaining acreage. The children and their mother noted the proposed 80-acre tract was valued by the commissioners at $184,000, which exceeds the value of a one-third interest in the 480 acres by $25,918.

At a hearing on the motion to confirm the commissioners' report, the only person to testify was Bryan Simms. The grandchildren presented no evidence. The court took the matter under advisement and later concluded the commissioners properly performed their duties, declined to modify the report, and affirmed the partition.

In this appeal, the children and their mother argue the district court abused its discretion in failing to set aside the 80-acre irrigated tract to the grandchildren as their partition share.

*Analysis*

Our often repeated standard of review when deciding issues such as this is: "Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. [Citation omitted.]" *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Martis*, 277 Kan. 267, 280, 83 P.3d 1216 (2004). Therefore the burden is upon the children and their mother to persuade us that no reasonable person would rule as the trial court has done here.

A proper analysis requires this court to review the proceedings that led to the question raised on appeal. Basically, joint interests in real property are subject to involuntary partition. *Hall v. Hamilton*, 233 Kan. 880, 885, 667 P.2d 350 (1983). " 'The general rule . . . is that all property capable of being held in cotenancy is subject to partition by judicial proceedings, the partition being either in kind or by appraisal and sale.' [Citation omitted.]" *Gore v. Beren*, 254 Kan. 418, 423, 867 P.2d 330 (1994). In a partition action, the district court makes a just and equitable partition of the property between parties and secures their respective interests. *Denton v. Lazenby*, 255 Kan. 860, 863, 879 P.2d 607 (1994).

Here, the children and their mother initially requested that the district court deny partition. In determining whether equity requires that partition should be denied, the district court has a wide discretion. *Gillet v. Powell*, 174 Kan. 88, 94, 254 P.2d 258 (1953).

The statutory basis for partition is found in K.S.A. 60-1003 which prescribes the procedure for an action in partition. After a petition and answer are filed, a judge determines each party's interest in the property and specifies the same by order. The court then may direct partition. K.S.A. 60-1003(c)(1). Hardship in and of itself is no reason to deny partition. *Gillet*, 174 Kan. at 95. Three commissioners are appointed to partition the property according to the parties' interests unless the partition cannot be made without manifest injury or is impracticable. If such is the case, the commissioners appraise the value of the property and report their findings to the court. K.S.A. 60-1003(c)(2).

Then in an action tried without a jury, the court must state either orally or in writing its controlling facts and conclusions of law. K.S.A. 60-252(a). The partition statute grants district court judges full power to make any order not inconsistent with the article's provisions governing partition that may be necessary to make a just and equitable partition between the parties. K.S.A. 60-1003(d).

In its partition order, the court outlined Kenneth and Josephine's income for 2001-2003 and found Josephine to be a landlord and not an operator of the cattle operation. Josephine also has a life estate in other real estate from which she receives rental income. The court found that even if the acreage was partitioned, Josephine would continue to have a substantial income. The court concluded: "Partition of the real estate would not result in extraordinary hardship or oppression to Josephine V. Simms nor to the other defendants. In order to achieve equity between [the grandchildren] and [the children and their mother] the real estate must be partitioned."

A party may file exceptions to the commissioners' report, and after a hearing, the judge may approve or disapprove the report, or make modifications as justice and equity require, including designating portions of the property to specific parties, or direct further proceedings as deemed equitable. K.S.A. 60-1003(c)(3).

In this case, after the commissioners inspected the property and filed their report, the grandchildren moved to confirm, and the children and their mother filed an exception. At the conclusion of the hearing on the exception, the judge noted that the children and their mother were permitted to appear before the commissioners and state their positions and their reasons, and that the commissioners obviously considered the same in making their decision. After taking the matter under advisement, the court confirmed the report.

We think the record demonstrates there was no error in refraining from ordering partition in kind. The court explicitly followed the statute in reaching its decision. It conducted a bench trial and concluded partition would not result in extraordinary hardship or oppression either to the children or to their mother and ordered partition. The court permitted the parties to nominate three statutorily required commissioners and admonished the commissioners to determine whether the real estate could be partitioned in kind or by sale. The commissioners reported their findings to the court that partition in kind of the real estate could not be made without manifest injury and was impracticable. After the grandchildren moved to confirm the commissioners' report, also according to the partition statute, the court heard arguments against confirming the report. The court concluded the commissioners properly performed their duties and that the report would not be modified.

Quite simply, the children and their mother have failed in their burden to show the court abused its discretion. In essence, they merely disagree with the commissioners' findings because they want to maintain the cattle operation. They argue the court is permitting the grandchildren to use the partition action as a means of oppression. But "the trial court in an equitable action may render the equitable relief justified by the evidence even though that relief differs from the relief prayed for. [Citations omitted.]" *Renensland v. Ellenberger*, 1 Kan. App. 2d 659, 665-66, 574 P.2d 217 (1977).

Affirmed.